KRONSHAGE and others, Executors, Appellants, vs. VARRELL
and others, Respondents.

*February 27—March 20, 1906.*

*Wills: Actions for construction: Costs: Attorney's fee: Allowance to
beneficiaries: Statutes: Construction.*

1. In an action brought for the construction of a will the court has
no authority to make an allowance out of the estate for fees of
the attorney of the beneficiaries under the will in addition to
taxable costs.
2. An action to construe a will is not a contest arising upon an ap-
plication for the probate of a will, and the allowance authorized
by ch. 397, Laws of 1901 (providing that any court of record, in
contests arising therein, upon application for the probate of any
will, in its discretion may allow to the proponent of such will a
reasonable attorney's fee, to be paid out of the estate of the de-
cedent, and may also, in its discretion, allow to the contestant,
if successful in the circuit court, a reasonable attorney's fee,
out of said estate, for services in such contest in said circuit
court), is strictly limited to "contests arising therein, upon ap-
plication for the probate of any will."

APPEAL from a judgment of the circuit court for Grant
county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

For the appellants the cause was submitted on the brief of
*Howe & Gilman.*

For the respondents there were briefs by *Fethers, Jeffris
& Mouat* for respondents *Eunice B. Varrell* and *Minnie
Wheeler;* and by *Ed. M. Lowry, Bushnell, Watkins & Moses,*
and *J. J. Blaine* for the respondents *Blanche McLimans,
James Varrell,* and *William Varrell,* and oral argument by
*M. G. Jeffris.*

KERWIN, J. An action was brought for construction of a
paragraph of the will of John W. Varrell, deceased, and was
before this court on former appeal (*Kronshage v. Varrell,*
120 Wis. 161, 97 N. W. 928), the judgment of the court be-
low reversed and judgment entered decreeing the will valid.
At the time of the entry of judgment below the respondents

applied for allowance out of the estate for attorney fees in addition to taxable costs, fees, and disbursements. Appellants, the executors, opposed any allowance to the respondents. Upon hearing of the motion the court allowed the respondents *Eunice B. Varrell* and *Minnie Wheeler* the sum of $850, costs, disbursements, and attorney fees, and *Blanche McLimans, James Varrell,* and *William Varrell* the sum of $850, costs, disbursements, and attorney fees to be paid out of the estate. From that part of the judgment allowing said sums to respondents this appeal was taken.

The only question involved here is whether the court had authority to make an allowance to respondents out of the estate in addition to the taxable costs. It is settled that the court has no such authority. *In re Donges's Estate,* 103 Wis. 497, 79 N. W. 786; *Becker v. Chester,* 115 Wis. 90, 91 N. W. 87, 650; *Stephenson v. Norris,* 128 Wis. 242, 107 N. W. 343. It is claimed, however, by appellants that ch. 397, Laws of 1901, justifies the judgment of the court below and authorizes the allowance. It is very clear that ch. 397, Laws of 1901, applies only to contests arising upon application for the probate of a will. It provides:

"Any court of record, in contests arising therein, upon application for the probate of any will, in its discretion, may allow to the proponent of such will a reasonable attorney's fee, to be paid out of the estate of the decedent, and may also, in its discretion, allow to the contestant, if successful in the circuit court, a reasonable attorney's fee out of said estate for services in such contest in said circuit court."

An action to construe a will is clearly not such a contest. The allowance authorized by this act is strictly limited to "contests arising therein, upon application for the probate of any will." The legislative intention seems plain, and we cannot disregard it. It follows that the court below had no authority to make the allowance, and that the judgment, therefore, must be reversed.

*By the Court.*—The judgment of the court below is reversed.