WILL OF GRIFFITHS: WILLIAMS, Administratrix, and another, Appellants, vs. PARSONS, Respondent.

*October 21—November 16, 1920.*

*Wills: Construction: Precedents and rules: Testamentary class: Specifying persons and absence of words of survivorship: Vesting of estate: Appeal by one legatee only: Jurisdiction of court: Death of legatee before testator.*

1. In the absence of proof as to surrounding facts and extrinsic circumstances, in construing a will the court will ascertain the testator's intention from the language of the will alone and not by any supposed intent; and precedents and rules of

Will of Griffiths, 172 Wis. 630.

construction are less helpful in construing wills than in construing other writings which, owing to statutes' or custom, are more uniform.

2. While the fact that testator specified in his will the names of beneficiaries may not raise a conclusive presumption that it was not his intention to create a testamentary class, it is a strong circumstance tending to such conclusion in the absence of language more clearly describing a class.

3. A will giving testator's wife a life estate in the residue of his estate and providing that on her death the property should be divided equally "between such of my brothers and sisters and the brothers and sisters of my wife as are hereinafter named," without words of survivorship, does not create a testamentary class to consist of such of the brothers and sisters of testator and his wife as were named in the will and alive at the time of the death of the wife, but vested a future estate in the named brothers and sisters at the time of the death of testator.

4. A mere direction by testator to divide after a life estate does not prevent a present grant or postpone the vesting beyond the death of the testator.

5. Inconvenience that may be caused by the construction given the will by the trial court will not be considered, since construction should not be affected by subsequent events; and in doubtful cases the law leans in favor of an absolute rather than a defeasible estate and favors an early vesting of estates.

6. In a proceeding to construe a husband's will, brought by the administratrix of the wife, who had been given a life estate in the residue of the husband's property, to ascertain to whom such residue should be given on the death of the wife, the fact that only one of the legatees joined the administratrix in an appeal from the judgment of the county court did not preclude the appellate court from reversing the judgment as to other legatees, since the administratrix represented such legatees and since the court did not lose jurisdiction to construe the will by failure of some of the interested parties to appeal.

7. In a proceeding to construe a will the court has jurisdiction not only to determine its meaning but to direct the administratrix *de bonis non* as to her duties in the distribution of the estate.

8. Under sec. 2289, Stats., on the death of a legatee during the lifetime of the testator the legatee's children were entitled to his share.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Modified and affirmed.*

Proceeding to construe a will.

Robert Griffiths executed his will on the 29th day of May, 1885. He died May 6, 1890, survived by his widow and, it appears, by an adopted daughter.

The will directed the payment of debts and funeral expenses out of personal property; the erection of a monument at his grave; bequeathed to a missionary society $100 to be paid within one year; bequeathed to the adopted daughter $500 to be paid to her when she arrived at twenty-one; and continued as follows:

"Fifth. The rest, residue, and remainder of my estate, both real and personal, I give, devise, and bequeath to my beloved wife, Esther Griffiths, during her natural life, and further it is my will that she shall not be limited to the income or use of my said estate, but that she shall be free to use and consume any portion or the whole thereof for her support, comfort, and enjoyment, if in her judgment she shall consider it expedient to do so, and I do this remembering that by her life-long devotion to the best interests of our home and by other means she has greatly aided in accumulating what property we now possess, and trusting fully the good judgment and discretion which she has ever exercised in all things.

"Sixth. I will and bequeath that such portion of my estate, either real or personal, as shall remain after the death of my said wife, Esther Griffiths, after paying her just debts and funeral expenses, shall be divided equally between such of my brothers and sisters and the brothers and sisters of my wife as are hereinafter named, share and share alike, to wit: my sister Ellen Williams, now residing at Hollyhead, Wales, and my three brothers, Richard Griffiths, now residing at Randolph, Wisconsin, William Griffiths, now residing in Liverpool, England, and David Griffiths, now residing at Hollyhead, Wales, the sisters of my wife, *Elisabeth Williams* of Columbus, Wisconsin, Mary Edwards of Brooklyn, New York, and Ellen Jones of the same residence as last named, and John R. Jones, a brother of my wife, of Mankato, Minnesota."

In conclusion the testator appointed his wife executrix.

Following the death of the testator the estate was probated so far as possible at that time.

The widow died in December, 1918, and an administratrix *de bonis non* with the will annexed was then appointed. It does not appear in the record whether the adopted daughter survived the widow.

It appears that of the eight residuary legatees named in the sixth clause of the will, one, Richard Griffiths, died before the testator. He left a widow and issue, one of whom is the respondent in this court. Only one of the eight, *Elisabeth Williams,* one of the appellants, now survives. The others died after the testator's but before his widow's death. The testator had two sisters not mentioned in the will who had died before its execution, leaving as next of kin the brothers and sisters mentioned in the will. The testator's wife had a brother and a sister living at the time the will was executed and not mentioned therein.

The administratrix *de bonis non* petitioned the county court for a construction of the will, setting forth the facts recited above. That court construed the will as working an equitable conversion of real estate into personal property, and construed the sixth clause as directing a division of the residue among such of the named legatees as survived the widow.

From that judgment the respondent herein appealed to the circuit court. The circuit court rendered judgment affirming the county court as to equitable conversion. The judgment in this respect is not questioned upon this appeal. The circuit court overruled the county court upon the other question and held that each of the named legatees took a vested legacy as at the time of the testator's death, and adjudged that the portion which would have been paid to each deceased beneficiary had he lived vested in him at the testator's death, that on such beneficiary's death it passed to his personal representatives, and that on the death of the testator's wife it should be paid to such representatives.

From this judgment the present appeal is taken by the administratrix and the survivor of the named legatees.

The cause was submitted for the appellants on the briefs of *Brossard & Zeidler* of Columbus, and for the respondent on those of *Grady & Farnsworth* of Portage.

JONES, J.    It is claimed by the appellants that the will gave to the wife the entire estate for her support, comfort, and enjoyment, and that any portion remaining after her death was to be divided among those who constituted a testamentary class; that there was no present gift, the gift being merely implied from the direction to divide; that the members of the class were to be ascertained when the time came for division; and that only those then surviving could share.

It is claimed by respondent that the will did not create a testamentary class; that it contains words of present devise; and that the interest of each of the eight beneficiaries named vested at the testator's death, and upon the death of such beneficiary either before or after that of the testator passed to the personal representatives of the beneficiary, to be paid on the death of the testator's wife.

In this case we must seek to ascertain the intent of the testator from the language of the will alone, since no proof was given of surrounding facts or extrinsic circumstances. It would be a vain attempt to speculate as to what the testator would have caused to be written into his will if he could have foreseen the contingencies which have happened. If he could have foreseen the events to occur within the thirty-three years following the date of his will it probably would have been a very different document. Hence in interpreting the will we must be governed not by his supposed intent alone, but by that intent as in the will expressed.

The real meaning of the instrument is the sovereign guide, and, since every will differs in some respects from every other, it is a familiar principle that precedents and rules of construction are less helpful than in construing

other writings which, owing to statutes or custom, are far more uniform. Said Judge STORY in 1832 in discussing the construction of wills: "The cases almost overwhelm us at every step of our progress; and any attempt even to classify them, much less to harmonize them, is full of the most perilous labor." *Sisson v. Seabury,* 1 Sumn. 235, 239. The difficulties have been by no means diminished by the innumerable volumes of the law reports which have since been added to our legal literature.

In their contention that the entire residue of the estate should go to the surviving sister of testator's wife, appellants' counsel rely largely on their claim that the will created a testamentary class consisting of such of the brothers and sisters of testator and his wife as are named in the will and who should be living on the death of his wife, and that it was the intent of the testator that the residue should be equally divided between the members of this class. The argument is that the estate could not vest until the death of the widow, because the persons constituting the class could not be ascertained until that time and the division could only be made among those then living.

There seem to us serious objections to such a construction of the will. In the document there appear two dominating purposes: first, that of giving ample protection to his wife who had aided him in accumulating his estate; second, that of giving the residue to the eight beneficiaries designated in the will by name.

It will be found that in most of the cases when the courts have construed wills to have created classes having some such effect as is claimed by counsel for the appellants, the bequests have been made to "heirs," "children," "grandchildren," "brothers," "sisters," "nephews," "nieces," or to some other group of persons without specifically naming the beneficiaries. While the fact that the testator specified the names of the beneficiaries in this case may not raise a conclusive presumption that it was not his intention to

create a testamentary class, we regard it as a strong circumstance tending to that conclusion in the absence of language more clearly describing a class.

In this will there were no words of survivorship as between the eight beneficiaries. This seems to us a very significant fact bearing on its construction. In the very clear opinion of the trial judge, and in respondent's brief as well, it is stated in substance that no case in Wisconsin had been cited or found where the beneficiaries were specifically named and fixed in number, as in this case, where it was held that a class was created unless words of survivorship were used. In appellants' brief *Will of Waterbury,* 163 Wis. 510, 158 N. W. 340, is relied upon as supporting their contention. But in this case the court came to the conclusion, in the light of all the surrounding circumstances, that it was the intention of the testatrix to limit the amount to be received by those named in other clauses of the will to the amounts specifically bequeathed to them, and that, irrespective of whether or not the residuary legatees constituted a class, it was the intention to confine the distribution of the residue to them. Hence it would seem that this case was not based on the creation of a class. Counsel for appellants cite as bearing on this or other branches of the case *Albiston's Estate,* 117 Wis. 272, 94 N. W. 169; *Moran's Will,* 118 Wis. 177, 96 N. W. 367; *Patton v. Ludington,* 103 Wis. 629, 79 N. W. 1073; *Benner v. Mauer,* 133 Wis. 325, 113 N. W. 663. But in all these cases the wills contained words of survivorship. It is our conclusion that no testamentary class was created by the will which postponed the final vesting of the rights of the beneficiaries.

It is argued by appellants' counsel that there are no words of present gift in the residuary clause and that it is simply a direction to divide the property remaining after the wife's death. They rely on *Cashman v. Ross,* 155 Wis. 558, 145 N. W. 199, in which it was held, there being no words of present gift, that where property under a will is to be divided

among a class only, those thereof who are alive at the time of the division can take under the will in the absence of other provisions to the contrary. Counsel also rely on the *Albiston Case, supra,* and the *Benner Case, supra;* but in these cases there were words of survivorship indicating uncertainty as to the persons who should take at a specified time. In the present case no class is created, no words of survivorship are used. The word "bequeath" is certainly in the present tense. Respondent's counsel claim that the meaning of the language is, I will and bequeath whatever shall remain after my wife's death to Ellen Williams, Richard Griffiths, William Griffiths, David Griffiths, *Elisabeth Williams,* Mary Edwards, Ellen Jones, and John R. Jones share and share alike.

Whether this is the correct interpretation or not, the claim for vesting on the testator's death seems strongly supported by several decisions of this court where there were no words of present devise and where there was direction for future division. It seems well settled that a mere direction to divide after a life estate does not prevent a present grant or postpone the vesting beyond the death of the testator. *Smith v. Smith,* 116 Wis. 570, 93 N. W. 452; *Cowley's Will,* 120 Wis. 263, 97 N. W. 930, 98 N. W. 28; *Patton v. Ludington,* 103 Wis. 629, 79 N. W. 1073; *West v. Andrews,* 166 Wis. 509, 166 N. W. 31; *Will of Reynolds,* 151 Wis. 375, 138 N. W. 1019.

In construing the will it seems to us of some importance that the event on which division should be made, namely, the death of testator's wife, was one sure to happen. It was not such an uncertain event as when one or more should reach majority or marry, so often mentioned in wills. The future event on which division is made is nothing personal or related to the legatees, but merely the ceasing of a life estate created by the will. There appears no reason for the postponement of the division except the certain protection of the wife during her life.

It is argued by appellants' counsel that the construction given the will by the trial court will cause much inconvenience, since there are many persons among whom the estate would have to be distributed. We do not consider that the construction to be placed upon the will should be affected by subsequent events.

We are disposed to construe the will as making a present gift, only postponing the time of enjoyment; and to hold that the element of futurity was annexed to the time of payment and not to the substance of the gift. In so holding we are supported by the rule of construction that in doubtful cases the law leans in favor of an absolute rather than a defeasible estate and favors an early vesting of estates. The rule is too familiar to require citation of authorities.

It is argued by appellants' counsel that since only one of the legatees took an appeal from the county court, only that party in any event could have the benefit of a reversal of the judgment. The proceeding for the construction of the will was brought by the administratrix *de bonis non* for the benefit of all the persons interested, and it was alleged in the petition that the proceeding was necessary in order to obtain a proper distribution of the estate. In this proceeding she represented all the legatees and their representatives. *Cowan v. Beans,* 155 Wis. 417, 144 N. W. 1129. If the will had been differently construed by the county court it would have been proper for her to take an appeal, if so advised by competent counsel. When another party appealed to the circuit court, the administratrix still represented not only her own interests but the interests of all persons concerned. When she appealed to this court she acted in the same capacity. If the judgment of the circuit court were reversed the entire estate would go to *Elisabeth Williams,* another party to the action, an appellant and the only surviving legatee.

In the proceeding to construe the will the court obtained jurisdiction not only to determine its meaning but to direct

the administratrix *de bonis non* as to her duties in the distribution of the estate. We do not consider that this jurisdiction has been lost by the fact that some of the many parties interested did not appeal from the judgment of the. county court.

It follows that the judgment of the circuit court is affirmed except in one particular. It appears from the record that Richard, one of the legatees, predeceased the testator and left two children surviving him. Under the terms of the statute, sec. 2289, the share of Richard should go to his issue.

*By the Court.*—Judgment modified as indicated in the opinion, and as so modified is affirmed, with costs in this court to both parties to be paid by the estate.