Estate of Bloch: Bloch and others, Appellants, vs. Bloch, Respondent.

*March 16—April 12, 1938.*

The cause was submitted for the appellants on the briefs of *Gaylord C. Loehning* of Neenah and *Lueck, Skupniewitz & Lueck* of Beaver Dam, and for the respondent on the brief of *Reed, Reed & Born* of Ripon.

Fowler, J. Julius Bloch died in 1929. His will was admitted to probate. The third paragraph thereof reads: "I give and bequeath to my nieces and nephews [naming all seven] the sum of $8,000, to be divided between them share and share alike and to their heirs and assigns forever."

Three of the persons named in this clause could not be found. The county court found on hearing of the executor's final account that they "had not been heard from for eighteen years" prior to the making of the will and "were presumably dead." The court assigned one seventh of the $8,000 to each of the four legatees who appeared and directed that three sevenths, $3,428.60, be held according to sec. 318.06 (6), Stats. 1929, by the public administrator "until the further order of the court."

Sec. 318.06 (6), Stats. 1929, provided that in case the personal representative was "unable to ascertain the whereabouts" of any legatee the court might authorize him to deposit the legatee's share with the public administrator to be paid to the legatee upon his application; and that in case the legatee should fail to apply for the legacy within seven years, "then any other person upon showing an interest in or a right thereto" might make application to the court "for further action as to the distribution of such fund."

A petition was filed in the county court by the four nieces and nephews who survived the testator for the distribution to them of this fund and the increment thereto "in accordance with the terms" of the will, and the court, by order of September 28, 1937, assigned the fund to the widow of the deceased under the fourth paragraph of the will which gave to her the residue of the estate. The view of the court was, and that of the respondent is, that the legacies of the three not found lapsed because they predeceased the testator and left no issue. The appellants claim that the $8,000 was left to a class, comprised of nieces and nephews of the testator living at his death.

The respondent contends that the county court in 1930, by assigning the $8,000 to the named nieces and nephews of the testator to each one seventh thereof, construed the will as not giving the bequest to the testator's nieces and nephews as a class, as had he so construed it he would have assigned the whole bequest to the four surviving nieces and nephews, instead of assigning a one-seventh part thereof to each, and that this construction is binding on the appellants as *res judicata*. Perhaps this is correct. *Estate of Cudahy,* 196 Wis. 260, 219 N. W. 203; *Estate of Penney,* 225 Wis. 455, 274 N. W. 247. However, we do not pass upon this contention, but base our decision upon the construction of the will as an original proposition.

In our view the decision of this court in *Will of Griffiths,* 172 Wis. 630, 179 N. W. 768, rules the case in respondent's favor. In that case the testator left his property to his widow during life, with right to use any part thereof for her support if she should "consider it expedient to do so," and provided that such part as should remain at her death should be divided equally between such of his brothers and sisters and the brothers and sisters of his wife as he named. He named one sister and three brothers of his own, and three sisters and one brother of his wife. One of the named eight died before the testator. The others survived the testator, but only one of them survived the widow. The county court construed the will as requiring division of the residue among such of the legatees named as survived the widow, which gave it all to the single such survivor. On appeal to the circuit court that court construed it as vesting a one-seventh part of the residue in each of the named legatees who survived the testator, considering as lapsed the one-eighth part that would have gone to the one who predeceased the testator had she survived him, and directed division of the residue among the named legatees who survived the widow and

the heirs of the six who survived the testator, but predeceased the widow. This court on appeal affirmed the circuit court's ruling except as to the part that would have gone to the named legatee who predeceased the testator had she survived him, which it directed to be divided among his children under sec. 2289, Stats. 1898, now sec. 238.13. The claim of the appellant was that the eight named brothers and sisters constituted a class, and that the accepted rule that when a member of a class to whom a bequest is made dies before the testator, his share lapses and the whole bequest goes to the members of the class who survive the testator. It was pointed out in the opinion that no Wisconsin case was cited or found wherein beneficiaries were specifically named and fixed in number holding that a class was created unless words of survivorship were used, and that in all Wisconsin cases cited involving wills construed as constituting a class words of survivorship were used. It is said in the opinion, page 636: "In this will there were no words of survivorship as between the eight beneficiaries. This seems to us a very significant fact bearing on its construction." So here.

It is true that a class will be held to be created, notwithstanding the fact that individuals within it are named, if such appears to have been the intent of the testator. Thus, if a specified sum should be bequeathed to specified relatives of the testator and an equal sum to specified relatives of the testator's wife, this would point to an intent that each of the two sets of relatives should receive the same part of the estate, and indicate an intent that if one of one set should predecease the testator, his share should go to the surviving members of the set instead of lapsing and falling into the estate and going with the residue, else the equality between the two sets would be destroyed. This was the situation involved in *Swallow v. Swallow*, 166 Mass. 241, 44 N. E. 132, relied on by the appellants. But this does not aid the appel-

lants. The seven relatives of the testator named were to receive $8,000, while the ten relatives of his wife named were to receive only $5,000. As intent to treat the two sets of relatives equally was not indicated, lapsing of individual shares does not defeat any intent of the testator. The appellants suggest that as four of the testator's nieces and nephews were known by him to be alive when the will was executed, and he had not heard from the other three for eighteen years, the giving of the $8,000 indicates an intent to give the four $2,000 each. We cannot perceive in the situation any such intent. To us it seems that had the testator so intended he most likely would have mentioned the four only, or mentioning all would have used words of survivorship had he contemplated the three as being dead.

The appellants cite *Will of Waterbury,* 163 Wis. 510, 158 N. W. 340, as supporting their contention that the bequest created a class. But as pointed out in *Will of Griffiths, supra,* page 636, the distribution there made "was not based on the creation of a class" but on "all the surrounding circumstances." We perceive nothing in the words of the instant bequest or the circumstances here in evidence to indicate intent as claimed by the appellants.

A comprehensive and exhaustive collection of the cases involving "gifts to a class," or gifts claimed to be such, is given in a note in L. R. A. 1918 B, 230. It is true that general statements as to when a class is created may be found in the cases that, considered apart from the facts involved in the cases containing the statements and applied as necessarily including all possible situations, would include the instant bequest as being a gift to a class. But every case must stand on its own facts. Counsel for appellants cite in their briefs the note above referred to, and have apparently studied it, but they point to no case therein or elsewhere that can be considered as conclusively ruling the instant case. We are

of opinion that the clause of the instant will involved was properly construed by the county court as giving one seventh of the $8,000 to each of the named nieces and nephews of the testator who predeceased the testator. No issue of any of the predeceased legatees having been shown to have survived the testator to bring the case within sec. 238.13, Stats. 1929, the legacies to the deceased nieces and nephews lapsed and became part of the residue of the estate given by the residuary clause of the will to the respondent widow.

*By the Court.*—The judgment of the county court is affirmed.