ESTATE OF CAMPBELL: CAMPBELL and another, Appellants, vs. JENSCH and others, Respondents.

*October 10, 1938—January 10, 1939.*

For the appellants there were briefs by *Beck, Smith & Heft* of Racine, and oral argument by *Lawrence H. Smith* and *T. M. Beck.*

*S. W. Jensch* of Hudson, for the respondents.

The following opinion was filed November 9, 1938:

FOWLER, J. The case involves the construction of a will. The first paragraph is the portion of which construction is asked. It reads as follows:

"First—After the payment of my just debts and funeral expenses, I give, devise and bequeath to my beloved wife, Phebe L. Campbell, all the income of my estate from whatever name, title or description, real, personal or mixed. Should the income be insufficient to keep her comfortable she can draw upon the original estate from time to time such sums sufficient to keep her comfortable. At her death whatever is left, will be divided equally between our four children—Clyde M. Campbell, Samuel W. Campbell, Franklin R. Campbell and Daisy Campbell Jensch or their heirs. Frank R. Campbell's note, which at this date amounts to nine thousand five hundred dollars, will not be collected as long as he pays six per cent semiannually on it without he wishes to pay it. And at final settlement it is to be taken out of his share the full amount not paid. Should Samuel W. Campbell not be found or heard from, after a reasonable time, his share is to go to his two children (Phebe and Clyde) equally, for their support and education, to be held in trust, and paid to them by the administrators."

The testator's son Samuel W. named in the paragraph above quoted was commonly called "Webb" and will be hereinafter so referred to. He died in 1928, the testator in 1931. The wife of the testator, the three other children of the testator, and the two children of Webb survived him. The two children of Webb named in the will survived the

testator and were Webb's only issue. Before the death of the widow, the petitioner, Mrs. Jensch, one of the children of the testator, petitioned for construction of the will, claiming that the heirs of Webb should take nothing on division of the property of the testator remaining at the widow's death, but that the property so remaining should be divided among the three other children of the testator or their heirs. The trial court so construed the will.

Webb, whose whereabouts were unknown to the testator when the will was executed, returned to Hudson, Wisconsin, where the testator lived, in September, 1928, and died there in October, 1928. The testator knew of his return. The will was executed in 1920. It appears from the testimony of the widow of the testator, and the court found, that prior to Webb's return the testator had expended over $6,000, more than one fourth of the testator's estate that will remain at the widow's death, in the education and support during their education of Webb's two children, Phebe and Clyde. He had partially supported them and their mother while the children were going through the grade schools and high school, had paid the expenses of Phebe through the University of Michigan, and of Clyde for three years at said university, and had given Clyde the opportunity to complete the university course there if he wished. It appears from the widow's testimony that the testator had told her and had told Phebe and Clyde after their education was finished that they "could not depend on him for any more help financially," but "never said that after the two children of Webb Campbell had been educated through the university that his property was to go to Daisy, Frank and Clyde," the testator's children other than Webb. The widow further testified: "I never talked to my husband about that provision in his will re-

garding Webb Campbell's share, as to whether or not it was to go to the support and education of his two children." This is all of the evidence that has any bearing upon the intent of the testator in making the provision of his will in favor of his son Webb and his children.

Assuming that the will is ambiguous in respect to the one-fourth share of the estate to go to Webb or his children, we perceive nothing in the evidence to show the intent of the testator at the time he made his will in 1920 as to how such share should go if Webb should return and die before the testator and the testator should expend in educating his children more than the amount of such share, nor do we perceive anything to indicate that he intended that in case Webb should so return and die his share under the will should not go to Webb's children or should go to the testator's three children other than Webb. The testimony is only to the effect that the testator felt himself under no obligation to help Webb's children after he had given them an education.

The will provides that if Webb should not return within a reasonable time the executors should hold his share in trust to expend for the education of his children. This implies that if at the time of the testator's death Webb had not. returned and did not return within a reasonable time thereafter, then the executors should expend his one-fourth share on the education of his children, and that if he did return before the testator's death, then his share should be paid to him. As Webb returned before the testator's death, nothing was left for the executors to do in respect to the education of his children. The time for their education was past at the time of Webb's return. Had Webb survived the testator there would be no question that he would have been entitled to receive the portion designated for him in the will. He

having predeceased the testator, sec. 238.13, Stats., steps in and passes to his issue the share he would have received had he survived the testator. *Will of Griffiths,* 172 Wis. 630, 179 N. W. 768; *Estate of Bloch,* 227 Wis. 468, 278 N. W. 875. This section provides:

*"Rights of issue of deceased legatee.* When a devise or legacy shall be made to any child or other relation of the testator and the devisee or legatee shall die before the testator, leaving issue who shall survive the testator, such issue shall take the estate so given by the will in the same manner as the devisee or legatee would have done if he had survived the testator unless a different disposition shall be made or directed by will."

The will did not make or direct any different disposition. If the testator wished to avoid the effect of sec. 238.13, Stats., he should have made another will. If during his lifetime he saw fit to educate Webb's children, he might do so, and it is much to his credit that he did so. But he could not avoid the effect of sec. 238.13 merely by so doing. That required appropriate and affirmative action by him. Not having taken such action, the statute prevails.

*By the Court.*—The order of the county court is reversed, and the record is remanded with directions to enter judgment in accordance with the opinion.

A motion for a rehearing was denied, with $25 costs, on January 10, 1939.