ESTATE OF CAMPBELL: CAMPBELL and another, Petitioners, vs. JENSCH and others, Respondents.

*May 9—September 12, 1939.*

*S. W. Jensch* of Hudson, for the petitioners.
*Beck, Smith & Heft* of Racine, for the respondents.
The following opinion was filed June 6, 1939:

NELSON, J.   It is contended by Daisy Campbell Jensch that this court was without jurisdiction either to entertain the appeal, to render its decision, or to issue its mandate, because the appeal was not timely taken and the judgment and mandate of this court, rendered and issued on November 9, 1938, 229 Wis. 610, 282 N. W. 58, were therefore void.

Sec. 324.01 (2), Stats. 1937, provides:

"In counties having a population of over fifteen thousand any executor, administrator, guardian, trustee or any person aggrieved by any order or judgment of the county court may appeal therefrom to the supreme court, and the provisions of chapter 274 shall apply."

Sec. 324.04 (1), Stats. 1937, provides:

"The time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any order or judgment of the county court is limited to sixty days from the date of the entry thereof, except as provided in section 324.05."

It is clear that an aggrieved person has the right to appeal direct to this court from an order or judgment of the county court of a county having a population of over fifteen thousand, and that such right of appeal is limited to sixty days from the date of the entry of any order or judgment.

It is our conclusion that the appeal, as a matter of fact, was taken within "sixty days from the date of the entry" of the order. In *Netherton v. Frank Holton & Co.* 189 Wis. 461, 469, 205 N. W. 388, 206 N. W. 919, 207 N. W. 953, it was held with respect to sec. 3039 (now sec. 274.01), Stats., which limited the right to appeal to one year from the date of the entry of the judgment "that the true rule to adopt is that a judgment is entered when duly signed and filed by the clerk." In the recent case of *Richter v. Standard Mfg. Co.* 224 Wis. 121, 126, 271 N. W. 14, 271 N. W. 914, it was stated:

"A judgment is entered when duly signed and filed by the clerk, and the time to appeal begins to run whether costs have been taxed or not." Citing *Netherton v. Frank Holton & Co., supra.*

So the question for decision is, When was the order appealed from signed and entered? It appears from the record that the county court rendered its decision on October 28, 1937, made its findings of fact, conclusions of law, and order on November 4, 1937, but dated them "October 28, 1937." The county court has certified that the findings, conclusions of law, and order were not actually signed or filed until December 21, 1937, and such is the date of filing indorsed upon the order. The notice of entry of judgment served on the appellant's attorneys contained the following language:

"Please take notice that on the 4th day of November, 1937, there was entered by the county court of St. Croix county, Wisconsin, in the above-entitled matter, the order, a copy of which is herewith served upon you, being attached hereto."

The notice of appeal filed on December 29th states that the appellants appeal from "the order made in this estate by the county court of St. Croix county, Wisconsin, which order was made by said court ·on the 28th day of October, 1937, *and entered in said court on the 4th day of November, 1937.*" In the bill of exceptions immediately following the transcript of the testimony is this language:

"Thereafter, the court made and filed its written decision herein, which decision is as follows:"

Immediately following is a letter under date of October 28, 1937, directed to petitioner's attorney, which states:

"I herewith submit my decision in the matter of the estate of Samuel W. Campbell, deceased."

Then follows the decision. Immediately after the decision the following statement is found:

"That thereafter the court entered its judgment or decree on the 28th day of October, A. D., 1937, and said decree was entered on the 4th day of November, A. D., 1937, a copy of which order or decree is as follows:"

It is clear from the record that the court rendered its decision on October 28, 1937, which was not considered by any of the parties as an order or judgment and was to be followed by formal findings, conclusions of law, and an order. The findings, etc., were submitted to the court on November 4, 1937, but, according to the certificate of the county court and the date of filing indorsed upon the findings and order, they were in fact not signed nor filed until December 21, 1937. Whether under the facts of this case, the date of entry was November 4th or December 21st, is of no materiality since adopting either date as the date of entry renders the appeal timely.

Whether the appellant's attorneys who resided in Racine, Wisconsin, could rely upon the date of the entry of the order contained in the notice and copy of the order served upon

them by the respondents' attorneys, which was "the 4th day of November, 1937," we need not presently decide.

*By the Court.*—The motions to vacate and set aside the judgment heretofore rendered, to vacate the mandate heretofore issued, and for leave to commence an original action for a writ of prohibition, are denied.

A motion for a rehearing was denied, without costs, on September 12, 1939.