ESTATE OF PHILLIPS: STRATTON and others, Appellants, vs. ROLLINGS and others, Respondents.

*November 7—December 3, 1940.*

For the appellants there were briefs by *Mason, Priestly & Burke,* attorneys, and *Thomas N. Burke,* guardian *ad litem,* all of Madison, and oral argument by *Thomas N. Burke.*

For the respondents E. J. Rolling and C. A. Paull there were briefs by *Gibbon & Hamilton* of Dodgeville, and oral argument by *Frank D. Hamilton.*

*Donald C. Jacobson* of Milwaukee, for the respondent Ruth Gerten.

The following opinion was filed December 3, 1940:

ROSENBERRY, C. J.   The language of the will upon its face is plain and unambiguous.   Evidence was offered upon the hearing with respect to the names and residences of the surviving heirs and their social relations with the deceased, which was received over the objection of the coadministrators.   It is considered that the court properly received this evidence.

Appellants contend that under sec. 238.13, Stats., the property should be divided between the nephews and nieces who were living and the issue of those nephews and nieces

who are deceased, the latter taking *per stirpes* and not *per capita.* They seek to sustain this contention on the ground that the residuary bequest was not a gift to a class for the reason that no words of survivorship were used, relying upon *Estate of Bloch* (1938), 227 Wis. 468, 469, 278 N. W. 875. In *Estate of Bloch,* the language of the will was—

"I give and bequeath to my nieces and nephews [naming all seven] the sum of $8,000, to be divided between them share and share alike and to their heirs and assigns forever."

In the case of *Will of Griffiths* (1920), 172 Wis. 630, 635, 179 N. W. 768, as well as in *Estate of Bloch, supra,* the gift was to a number of named persons without words of survivorship. Such a gift was held to be a gift not to a class but to the persons named in the will. These cases have no application to the case at bar where the gift is not to named persons but to persons of a class, to wit, all of the nephews and nieces of the testatrix. In *Will of Griffiths, supra,* it is said:

"It will be found that in most of the cases when the courts have construed wills to have created classes having some such effect as is claimed by counsel for the appellants, the bequests have been made to 'heirs,' 'children,' 'grandchildren,' 'brothers,' 'sisters,' 'nephews,' 'nieces,' or to some other group of persons without specifically naming the beneficiaries."

This is the general rule. See cases cited 75 A. L. R. 791. The case at bar falls clearly within the rule, and hence is a gift to a class. Where there is a gift to a class the members of the class take equally. Appellants argue that the children of the deceased nieces and nephews should take *per stirpes.* If the grandnieces and grandnephews are included within the term "nieces and nephews," then the estate must be distributed equally between the members of the class. This would result in each one of the appellants receiving

the same amount as each of the surviving nieces and nephews. There is nothing in the will or surrounding circumstances to indicate that the testatrix contemplated or intended any such result.

The appellants argue that although their respective parents died before the execution of the will, nevertheless sec. 238.13, Stats., should apply, and that the descendants of the deceased nieces and nephews should take *per stirpes*. There are two lines of authority upon the question of whether the statute operates in favor of the descendants of one dead at the time of the making of the will who had he survived the testator would have taken under a gift to a class. It is to be noted that in order to sustain appellants' contention it is necessary, in effect, to hold that there is a presumption · that the testator intended to benefit not only members of a class who might survive him but also the descendants of those who at any time answered to the class description. The decided weight of authority is that under such circumstances there is nothing in the will to indicate a purpose on the part of the testator that the issue of members of a class deceased when the will was made should share in the bounty. It is so held in Georgia, Iowa, Massachusetts, New Hampshire, New York, Pennsylvania, Rhode Island, and Washington. See annotations, 3 A. L. R. 1691, and cases cited. The states holding to the contrary are Kentucky and Illinois. We think the majority rule is upheld by the sounder reasoning. Where a person is dead, who, had he lived, would have been a member of the class, has predeceased the testator, the testator has before him all of the facts. If competent to make a will he is presumed to be able to comprehend not only the nature and extent of his property but the relation to him of those who have claims upon his bounty. If in the face of these facts he uses language which is applicable at the time he uses it only to certain persons, how can he be said to intend to include other persons? A deceased nephew or niece is no longer a nephew

or niece. That relationship has been severed by death. It lies in the past.

It is considered that under the circumstances of this case the testatrix intended the residue of her estate to go to her surviving nieces and nephews, and the trial court correctly so held.

*By the Court.*—Judgment affirmed.

The following opinion was filed March 11, 1941:

ROSENBERRY, C. J. (*on motion for rehearing*). In this case the appellants move the court for a modification of the mandate. The motion is in the alternative:

(1) That the taxable costs and disbursements of the parties to this appeal be paid out of the estate of Margaret Phillips, deceased; or

(2) That each of the parties to this appeal pay his own taxable costs and disbursements; or

(3) That the right of Donald C. Jacobson, attorney for Ruth Gerten, administratrix of the estate of Clara McKay, deceased, to taxable costs and disbursements against the appellants be determined.

This is a proceeding for the construction of the will of Margaret Phillips, deceased, begun by the appellants. The respondents prevailed in the county court and the petitioners appealed.

The appellants ask the court to exercise its discretion under sec. 251.23 (1), Stats.:

"*Costs in supreme court.* (1) *Discretionary items.* In the supreme court, excepting criminal actions, costs shall be in the discretion of the court. In any civil action or proceeding brought to the court by appeal or writ of error, the prevailing party shall recover costs unless the court shall otherwise order, and such costs, unless fixed at a lower sum by the court, shall be as follows: . . ."

Appellants' motion is based upon the decisions in a number of earlier cases. These earlier decisions were reviewed in

*In re Donges' Estate* (1899), 103 Wis. 497, 79 N. W. 786. The matter was summed up by the court as follows (p. 517) :

"Since, then, such allowances are not supported by any statute, how can they be justified? No good reason is apparent why the expenses of a litigant as to his ownership of property should receive the attention of the court or be paid by another when the litigation takes the form of construing a will, any more than if the same issue were tried in ejectment or replevin; but no one would contend that in the latter case any power to make such order existed in the court. Where parties are *sui juris*, and each litigating for the promotion of his own interests, each should bear the expense, as he will enjoy the fruits of his own contention; and the existence of a fund over which the court has control in no degree varies the principle involved or justifies infraction thereof. On mature consideration we are convinced that the habit of ordering payment of counsel fees, other than the executor's, is without authority of law and should not longer be indulged in, but that the cases and extent in which one party or any fund shall be required to contribute to the expenses of another in litigation must be limited by the costs statutes."

At that time the statute, sec. 2949, Stats. 1898, merely provided that the prevailing party in the supreme court should be allowed costs. The court had no discretion.

Sec. 2949 became sec. 271.35 of the statutes of 1925. In 1935, it was renumbered sec. 251.23 (1).

By ch. 219, Laws of 1915, sec. 2949 was amended to read as follows :

"In all actions, writs, or proceedings in the supreme court, excepting criminal actions, costs shall be in the discretion of the court. In any civil action or proceeding brought to the court by appeal or writ of error, the prevailing party shall recover costs unless the court shall otherwise order, and such costs, unless fixed at a lower sum by the court, shall be as follows: . . ."

In *Kronshage v. Varrell* (1906), 127 Wis. 597, 107 N. W. 342, the court held under the statute as it existed previous to the amendment that the court had no authority to make al-

lowance out of the estate in addition to the taxable costs and reviewed the whole matter.

By ch. 227, Laws of 1881, which became sec. 4041a, Stats. 1898, it was provided that costs payable out of the estate shall not be awarded to an unsuccessful contestant of the will except in the special cases there provided for. In *Stephenson v. Norris* (1906), 128 Wis. 242, 264, 107 N. W. 343, it was held that an allowance for guardians *ad litem* in a case brought to construe a will should be made payable out of the infants' property under the control of the court and not out of the body of the estate.

*Will of Weidman* (1926), 189 Wis. 318, 325, 207 N. W. 950, was a will contest. The appellants raised a question as to costs assessed against them in the circuit court and asked that costs in this court be paid by the estate. The court said:

"No costs could be allowed the contestants in the circuit court. Sec. 4041a (now sec. 324.12). The statute indicates a legislative policy that an unsuccessful contestant of a will stands in the same position as to costs as any other defeated litigant, and this would seem good public policy."

We have cited cases not strictly applicable to the question here under consideration for the purpose of showing that the policy of allowing costs and attorneys' fees out of estates has been gradually restricted both by decision and statute. While it is true that costs in this court are in the discretion of the court, this discretion has not been exercised except where there is some special reason for it. No such reason appears in this case. The statute applies to all except criminal cases. Parties to contests over estates are in no different case than other litigants. At a time when the statute specifically provided that attorneys' fees might be allowed in will-contest cases out of estates, it was held that this did not authorize allowance of attorneys' fees in cases involving the construction of a will. The facts in this case are not such as to justify a departure from the general rule. We see no reason why the statute should not apply as written and costs be taxed

against the appellants.  Nor do we see any reason why counsel for Ruth Gerten, administratrix of the estate of Clara McKay, deceased, should be allowed costs out of the estate of Margaret Phillips.

*By the Court.*—Motion to modify the mandate is denied; no costs to be taxed by the respondents except their disbursements.