BRENER, Special Administrator, Respondent, vs. RAASCH and others, Appellants.

*November 6—December 2, 1941.*

For the appellants there was a brief by *Lehner & Lehner* and *Adolph P. Lehner,* all of Oconto Falls, *Orville S. Luckenbach* of Shawano, and *Howard W. Eslien* of Oconto Falls, and oral argument by *Mr. Luckenbach.*

For the respondent the cause was submitted on the brief of *Winter & Koehler* of Shawano.

Rosenberry, C. J.  In the court below the plaintiff supported his contention that he was entitled to foreclose the mortgage in spite of the provision in Martin Raasch's will, upon the following facts: That there are no assets in the estate of Martin Raasch except $200 recovered from Walter Raasch, a farm in the town of Herman, incumbered by a mortgage in excess of its value, and some participating trust certificates which are of little value; that the mortgage in question was recovered from Walter Raasch; that there has been

extensive litigation, in the course of which attorneys' fees in the amount of $2,500 were due; that there are not sufficient assets outside of the mortgage in question to pay the debts and expenses of administration, and the plaintiff further contends that by the death of Frederick C. Raasch the legacy had lapsed.

We shall first dispose of the contention that the legacy lapsed by the death of Frederick C. Raasch. The section of the statute material is as follows:

"238.13 *Rights of issue of deceased legatee.* When a devise or legacy shall be made to any child or other relation of the testator and the devisee or legatee shall die before the testator, leaving issue who shall survive the testator, such issue shall take the estate so given by the will in the same manner as the devisee or legatee would have done if he had survived the testator unless a different disposition shall be made or directed by the will."

Plaintiff contends that the deceased Frederick C. Raasch does not come within the designated clause "other relation of the testator." The trial court held on the authority of *Thompson v. Thornton* (1908), 197 Mass. 273, 83 N. E. 880; *Cleaver v. Cleaver* (1875), 39 Wis. 96; and *Will of Griffiths* (1920), 172 Wis. 630, 179 N. W. 768, that a brother came within the designation "other relation of the testator," and for that reason the legacy did not lapse. It is considered that this is a correct construction of the statute.

The plaintiff further contends that Emma Raasch, as wife of the legatee, Frederick C. Raasch, is not such "other relation" so that her share would not lapse under sec. 238.13, Stats., and for that reason the plaintiff in any event is entitled to recover one third of the mortgage. We are not able to grasp the process of reasoning by which the plaintiff arrives at this conclusion. The plaintiff calls attention to the fact that under the decisions cited the wife is not an "other relation of the testator." If she is not an "other relation," by the express

language of sec. 238.13, she takes no interest as the legacy survives to the issue of the deceased legatee. The language of the statute is "such issue shall take the estate so given by the will." Plaintiff's argument upon this proposition defeats itself. In the cases coming within the provision of sec. 238.13, the issue of the deceased legatee take under that section, and not his heirs under the general statute relating to descent.

If the so-called legacy in this case was to anyone else other than a debtor of the testator, the case would require little further consideration. The testator in this case, however, made the provision contained in the quoted clause of the will for the benefit of his brother who was his debtor. What the testator in legal effect did was to provide by his will that the debt of his brother should be forgiven, and to that end the mortgage securing it should be satisfied, canceled, and annulled. Frederick Raasch, at the time of the execution of the mortgage received the $3,500, payment of which was secured thereby. Martin Raasch accepted in lieu of the $3,500 a claim upon Frederick Raasch to repay the sum which was secured by the mortgage in question. What Martin Raasch did by his will was to satisfy the claim which he had upon Frederick C. Raasch. Did Martin Raasch by his will convey or transfer anything to Frederick Raasch? What he in fact did was to release Frederick C. Raasch from his obligation of repayment. While the language of the will is that he devises and bequeaths to his brother the mortgage in question, construed as a whole it is plain that what he did was to direct the mortgage to be satisfied and his brother released from his obligation. Frederick C. Raasch could not become his own debtor. He did not receive anything from the estate of his brother Martin. He had already received the $3,500. However, it is plain that by the provision of Martin Raasch's will, Frederick was benefited in a sum equal to the amount secured by the mortgage with interest. If the note and mortgage had been in

the hands of a third party, and Martin had provided by his will that a sum sufficient to pay and discharge the same should be given to Frederick, there could be no doubt as to the character of the provision. The provision made for him in Martin's will had the same effect. Martin's estate was diminished by the amount due upon the note and Frederick's estate was increased by that amount. The fact that the conferring of the benefit took the form of a release rather than a conveyance is not decisive of the matter. Looking at the substance rather than the form of things, it must be held that by the will of Martin, Frederick received a legacy equal to the amount of the note with interest; that upon Frederick's death before Martin, the right to take devolved by virtue of sec. 238.13, Stats., upon the issue of Frederick, subject, however, to the payment of the debts of the testator. The will of Martin created a specific legacy in favor of Frederick. Pursuant to the provisions of sec. 313.28 this specific legacy is exempt from liability for debts of the testator "if there is other sufficient estate and it shall appear necessary in order to effect the intention of the testator." The extent to which the legacy Frederick received by the will, will be subject to the payment of the debts of the testator is a question that is not before us. It was not denied that the property now in the hands of the special administrator was not of sufficient value to pay the debts and expenses of administration.

Upon the facts presented by the record in this case the special administrator is properly in possession of the note and mortgage and he may enforce the same as the trial court held. The question of the distribution of the estate is a matter for the county court. We cannot anticipate what the county court will do or upon the record now before us indicate what disposition it should make of the estate.

Appellants' contention that the special administrator must await a final determination of liabilities under sec. 313.32,

Stats., cannot be sustained. He is entitled to the possession of the note and mortgage. Whether foreclosure is necessary is a matter not determined by statute. Ascertainment of the amount of the liabilities is not a condition precedent to foreclosure.

*By the Court.*—Judgment affirmed.