ESTATE OF SATOW: HECKERT and another, Administrators,
Appellants, vs. SATOW and others, Respondents.

*May 5—June 1, 1942.*

For the appellants the cause was submitted on the brief of *Albert H. Krugmeier,* attorney, and *Joseph Witmer* of counsel, both of Appleton.

*Eugene Wengert* of Milwaukee, for the respondents.

FOWLER, J. The case is an appeal from a judgment of the county court of Outagamie county by the administrators with the will annexed of the estate of Herman Satow, deceased, distributing the residue of the estate pursuant to construction of the will upon petition of the administrators and the facts relating to the survivorship of the brothers and sisters of the testator.

Three matters are before the court for determination: (1) Whether the appeal of the administrators should be dismissed because they are not aggrieved parties within the appeal statute, sec. 274.10, Stats. (2) Whether the brothers and sisters of the deceased who are entitled to the residue are those living at the time of the death of the testator or those living at the time of the actual distribution of the estate. (3) Whether under the situation existing, Helmuth, a brother of the deceased, should be held an absent legatee of the deceased entitled to a share of the residue and his share be held under sub. (2) of sec. 318.03.

(1) The motion to dismiss the appeal is denied. It has been several times held by this court that the executor of a will, whose duty it is to carry out the provisions of the will, is an "aggrieved party" within the appeal statute if in his reasonable view the determination appealed from will not carry out those provisions. Our last pronouncement on the subject is in *Will of Asby,* 232 Wis. 481, 489, 287 N. W. 734, and renders it unnecessary to say anything further upon it. The administrators are also entitled to have the construction of the will reviewed because of doubt whether a brother of the deceased, Helmuth, is an absent legatee whose share should be handled under sec. 318.03 (2), Stats.

(2) Upon the facts stated preceding the opinion and the terms of the will the county court held "that it was the intention of the testator that the residue of his estate should vest upon his death in the [his] surviving brothers and sisters

immediately" upon the testator's death, and that the three surviving sisters named to whom the residue was assigned eventually, and a brother, Helmuth, if it should appear that he was alive at the testator's death, would share equally, and if it should appear that Helmuth was then dead that the three sisters should share equally.

The only provision of the will bearing on construction reads as follows:

"Item Fourth. All the rest, residue and remainder of my estate, I give, devise and bequeath, subject to the trust hereinafter provided, to my brothers and sister living at the date of my decease, and in equal share, and provided that in the case of the death of any one or more of them before these several shares are paid over, the share of such deceased, shall be equally divided among the survivors."

The administrators contend that because of the language of the provisions in "Item Fourth" that in case of the "death of any one or more of them [the brothers and sisters] before these several shares are paid over, the share of such deceased, shall be equally divided among the survivors" the residue should be paid to those living at the time of the distribution instead of those living at the death of the testator.

Under the facts of the case it is entirely immaterial which of the two constructions suggested should prevail because none of the possible distributees died between the two dates. We recently held in *Will of Greene, ante,* p. 452, 3 N. W. (2d) 704, that in a similar situation the time of filing the final account fixes the time the residue becomes payable. The three sisters to whom the residue was assigned were all living when the final account was filed and this would be true as to Helmuth also should he ever appear to claim his share.

(3) Upon the question here involved no cases are cited to us and we do not find any that directly pass upon the question what becomes of a legacy to a person found to be dead upon

the presumption arising from an absence of seven years without being heard from by his immediate relatives. That a presumption of death so arises is a familiar doctrine, and in our state the presumption exists without search by the relatives to find him or to ascertain whether he is alive. *Miller v. Sovereign Camp W. O. W.* 140 Wis. 505, 509, 122 N. W. 1126.

There would seem to be no question that the finding as to Helmuth's death and the distribution of the estate made by the court was correct but for sec. 318.03 (2), Stats., and the action of a county court in a similar situation which we affirmed in *Estate of Bloch,* 227 Wis. 468, 278 N. W. 875. Sec. 318.03 provides what should be done in case of "escheats and unclaimed legacies and shares." Subs. (2) and (3) provide that in case a legatee does not appear and claim his legacy within two years after entry of the final judgment, the executor shall pay it to the state treasurer, and it shall be paid to the owner on proof of his right thereto. Under a somewhat different statute then existing, superseded by sec. 37, ch. 190, Laws of 1933, which enacted the present sec. 318.03, the county court in the *Bloch Case, supra,* acted under the superseded statute. In that case the nonappearing legatees had not been heard from for over twenty years. The court did not presently pass upon whether the missing legatees were dead at the time of the testator's death so that their legacies lapsed, but placed their shares pursuant to the then existing statute in the hands of the public administrator to be held until claim should be made therefor under the statute by the persons deeming themselves entitled thereto. When claim was subsequently made to the county court under the statute for the money in the hands of the public administrator, the court determined, upon the seven-year presumption, that the absent legatees predeceased the testator and their legacies lapsed and awarded the money to the person it found entitled thereto under the will. Under the statute formerly existing the court had to determine the time of the death either presently or later. No one ap-

pealed from the determination to place the shares of the absent legatees in the hands of the public administrator. It would seem that the county court might well have determined the question of death when it passed upon the executor's final account, but not having done so, no one appealed and the court retained jurisdiction to determine it later. Our decision in effect determined the time of death upon the seven-year presumption, no proof being presented that the legatees were alive, and that is what and all that the instant court determined.

We deem it unnecessary to determine whether the determination of death by the German court was admissible in evidence, as the finding of precedent death would necessarily have been the same upon the testimony of the sister Marie given before the trial court. The foreign court determined the death upon a presumption arising from absence, apparently of five years, upon the testimony of a sister living in Germany. If the testimony of this sister was desired it may well be that her deposition should have been taken according to our statutes instead of applying to a foreign court to determine the fact of death as was done. For parties to litigation pending in a court of this state to apply to a court of a foreign country to determine a fact in issue in the court of this state is a doubtful practice.

*By the Court.*—The judgment of the county court is affirmed.