WILL OF STACK: MATHIOWETZ, Guardian *ad litem*, Appellant, vs. STACK, Trustee, and another, Respondents.

*April 29—June 2, 1936.*

*Bernard F. Mathiowetz* of Milwaukee, as guardian *ad litem,* for the appellant.

For the respondents there was a brief by *J. Leo Dalton,* attorney, and *Robert E. Tehan* of counsel, both of Milwaukee, and oral argument by *Mr. Tehan.*

Rosenberry, C. J.    The first contention made by the guardian *ad litem* is that the application for a construction of the will in the respects sought is premature. The trial court found that for several years last past the property has been operated at an annual loss; that the principal part of the property consists of a fifteen-apartment building which is in a run-down, dilapidated condition, in need of extensive repairs, and the earning capacity of the property is not sufficient to pay the running expenses and make needed improvements; that tax liens are accumulating; that the trust property is in need of substantial financial aid; that under present conditions a satisfactory loan cannot be secured; that

the petitioners are desirous of aiding the property financially from their own resources, but before doing so wish to have their relation to the property ascertained and be advised as to the disposition of income from the property if aid is advanced. While the petition does not in terms ask for relief under the Uniform Declaratory Judgments Act, if there is any doubt as to the existence of grounds for relief under ordinary procedural rules, there can be no doubt that the case is a proper one for declaratory judgment.

The petitioners sought by the construction of the will to have determined, (1) the period or duration of the trust created by paragraph second of the will; (2) determination of the nature of the interest, if any, of the petitioners in and to trust *res;* and (3) rights of petitioners and their families in and to the income of said trust.

(1) The trial court held that the trust created by the second paragraph of the will terminated twenty-one years from the date of the death of Alphonso F. Stack, that is, twenty-one years from March 25, 1930, so that the trust endures until March 25, 1951.

Paragraph second of the will of Stephen Sylvester Stack contained the following provision:

"I give, bequeath and devise in trust to my two sons, Sylvester S. Stack and Earl L. Stack, and the First Wisconsin Trust Company of Milwaukee, Wisconsin, jointly, during the lives of my sons Earl L. Stack and Alphonso F. Stack and for twenty-one years thereafter, all my real estate," etc.

Upon this proposition the first contention of the guardian *ad litem* is that it was adjudicated in the prior case. With this contention we cannot agree. The adjudication there was in the language of the will and there was no attempt to interpret the language. Therefore it stands, although reported in the prior decision of the court, uninterpreted.

Upon its face the part of paragraph second quoted appears quite clearly to provide that the trust shall endure for the joint lives of Earl L. Stack and Alphonso F. Stack; accordingly, the guardian *ad litem* contends that this paragraph should be construed to create a trust for the joint lives of the two sons and the life of the survivor and twenty-one years thereafter.

By paragraph eighth of the will it is provided:

"In case of the death of any of my said sons, the surviving trustee or trustees shall continue as the trustee or trustees of my estate."

In so providing the testator obviously contemplates the possibility of the named trustee, Sylvester S. Stack, dying and Earl L. Stack continuing to act as trustee for the balance of the trust period. Earl could not do this if his death was a condition precedent to the commencement of the last twenty-one years of the trust. Paragraph fourth contains the following provision:

"At the termination of the trust hereinbefore provided for, the real estate shall be divided equally among my sons."

It appears that at the time the testator executed his will he was aware of the fact that his son Alphonso was in an abnormal physical and mental condition, and during the period of his life would have to be cared for, and this was the major reason for the creation of the trust. Alphonso died after the execution of the will, but predeceased the testator, at a time, however, when the testator was not able to revise his will. Considering the will as a whole, it is held that the trial court correctly construed the will to mean that the trust should terminate twenty-one years from the date of the death of either of the sons. Alphonso having died on March 25, 1930, the trust therefore will terminate as the trial court held on March 25, 1951.

(2) The guardian *ad litem* contends that the determination of the trial court that the testator's surviving sons, Earl

L. Stack and Sylvester S. Stack, the petitioners, have a vested remainder in and to the trust property is not correct because the sons were not given a vested estate, but under the terms of the will the testator directed:

"At the termination of the trust hereinbefore provided for, the real estate shall be divided equally among my sons; and the issue of any deceased son by representation, and if there should be no issue of any of my sons, in that case the said trust estate shall be divided equally among my heirs according to the law of descent in the state of Wisconsin;"—

that this paragraph directs a division of the property at the end of the trust period and does not create a vested remainder in the petitioners, citing *Smith v. Smith* (1903), 116 Wis. 570, 93 N. W. 452; *Benner v. Mauer* (1907), 133 Wis. 325, 113 N. W. 663.

By the terms of paragraph fourth it is provided that at the termination of the trust "the real estate shall be divided equally among my sons" and paragraph fifth provides that the residuary trust "shall be divided among my surviving sons." Considering this language in connection with the circumstances which confronted the testator at the time of the execution of the will, it is considered that the trial court correctly held that each of the petitioners has a vested remainder in the trust estate, subject, however, to be divested by death prior to the termination of the trust. *McMichael v. Peterman* (1909), 140 Wis. 589, 123 N. W. 262; *Will of Roth* (1926), 191 Wis. 366, 210 N. W. 826; *Brown v. Higgins* (1923), 180 Wis. 253, 193 N. W. 84.

(3) The guardian *ad litem* quite properly does not contest the determination of the trial court that the income of the trust property during the entire period of the trust is to be devoted to the testator's sons, Earl L. Stack and Sylvester S. Stack, to the exclusion of testator's other remote relatives, with the exception that in the event of the death of either or both of said sons, so much of said income as is

necessary is to be devoted to the widow and children of such deceased son or sons as provided in the will. Sec. 230.40, Stats.

It is further held that the trial court correctly determined that Earl L. Stack and Sylvester S. Stack are the presumptive owners of the next eventual estate in the trust property. Sec. 230.40, Stats. *Young v. Barker* (1910), 141 App. Div. 801, 127 N. Y. Supp. 211; *Matter of Harteau* (1912), 204 N. Y. 292, 97 N. E. 726.

*By the Court.*—Judgment appealed from is affirmed.