Estate of Downs : Downs, Administratrix, Appellant,
vs. Downs, Administrator, Respondent.

*May 18—June 16, 1943.*

*Everett P. Doyle* of Delavan, attorney, and *Carl B. Rix* of Milwaukee of counsel, for the appellant.

For the respondent the cause was submitted on the brief of *E. L. von Suessmilch* of Delavan, attorney, and *O. A. Oestreich* of Janesville of counsel.

FAIRCHILD, J.   Testator left all of his property to his wife for life with the power to use the principal if necessary for her full enjoyment and support and after her death he provided that "all the remainder of my estate be divided equally between my children, share and share alike, the child or children of a deceased child to take by right of representation." One son who survived testator died before the life tenant, leaving his wife, the appellant, as his heir at law.   The question is whether the interest of this son passed to his heir or whether it was divested by his predeceasing the life tenant.   The trial court was of the opinion that the interest of the children of testator was contingent on their surviving the life tenant. We are unable to agree with this conclusion.

If the last phrase had been omitted, it is conceded that under the rule of *Will of Roth,* 191 Wis. 366, 210 N. W. 826, the interests of the children would have vested at the death of testator.   That the addition of the last phrase did not alter

this was settled in *Patton v. Ludington,* 103 Wis. 629, 632, 79 N. W. 1073. There the bequest was to the wife for life and on her death the estate was to be divided among all of testator's children, "the issue of any deceased child of mine to take by representation the share which his, her or their parent would have taken if living." It was held that a son who survived testator but died before the death of the life tenant took a vested remainder which passed under his will. In accordance with the rule favoring the early vesting of estates, it was held the reference to a "deceased child" meant to one dying before the testator. Any child who survived the testator took an indefeasibly vested remainder. A similar provision was before this court recently in the case of *Will of Reimers,* 242 Wis. 233, 7 N. W. (2d) 857. These cases clearly indicate that the children of testator who survived him took vested remainders and that this was not a case of alternative contingent remainders. See Restatement, 3 Property, sec. 254, comment *a.*

Respondent seeks to distinguish the present case from *Patton v. Ludington, supra,* and *Will of Reimers, supra,* on the ground that here there is a power in the life tenant to use the principal. It is clear, however, that a remainder which would otherwise be vested is not made contingent because the life tenant may if necessary use the corpus. See Restatement, 3 Property, sec. 276; *Perkinson v. Clarke,* 135 Wis. 584, 116 N. W. 229. The condition is treated as one which may result in defeasance rather than as a condition precedent to vesting.

Respondents and the trial court rely on *Will of Stack,* 222 Wis. 1, 267 N. W. 284, to support their position. The language there was quite unlike the provision now before the court. In determining whether a remainder is contingent or vested and on what conditions a vested remainder may be divested, the intention of the testator as expressed in the will controls. A slight variation in phrasing is sufficient under

the settled rules of construction to alter the meaning of any given provision. The legacy in *Will of Stack, supra,* was in terms very different from those in the case at bar, so that we do not consider that case as controlling here.

It follows that the widow of Matthew C. Downs was entitled to a one-third share in the estate of James H. Downs and that the trial court erred in excluding her.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.