BYERS and another, Respondents, vs. RUMPPE and others, Defendants: VERNON COUNTY, Appellant.

*November 18—December 23, 1947.*

Harry T. Jordan of Hillsboro and Martin Gulbrandsen of Viroqua, for the appellant.

M. N. Daffinrud of Viroqua and Lorin L. Kay of Richland Center, for the respondents.

BARLOW, J.   Respondents, Norma Byers and Benjamin McVey, obtained any title they may have to the real estate in question as the sole heirs of their mother, Alta McVey, who received her title as a devisee under the will of Frances Selbach, deceased.   The question for decision is what interest Alta McVey acquired in this land under the will of her mother. This requires an examination of paragraph 4 of the will, which reads as follows:

"Fourth: After the payment of the foregoing bequests, it is my will that all the rest, residue and remainder of my property, both real and personal, wheresoever the same may be situated, shall go to my daughter Alta Lyon and my sons Lewis Selbach, George Selbach, Elmer Selbach and Herman Selbach, all of Rockton, Wisconsin, and I hereby give, devise and bequeath the same to them in the manner and upon the conditions following, to wit: One fifth thereof shall go to my said daughter Alta Lyon, as her sole, separate and absolute estate, and one fifth thereof to each of my said sons Lewis, George,

Elmer and Herman, for and during his natural life, and upon his death the remainder shall go to my said daughter Alta, in the event that she shall have fulfilled the following condition, viz. : It is my wish that my daughter Alta shall remain with my sons Lewis, George, Elmer and Herman, after my death and keep house and help to maintain a home for them, with such assistance as they shall be able to render, preferably upon the real estate herein devised to said children, or elsewhere in the event that they shall become unable, on account of sickness or for any other cause to properly carry on said farm, and in case she fulfills said condition, during the life or lives of any or all of my said sons, then, upon the death of any of my said sons, the remainder of the estate so devised and bequeathed to said son, or sons, for life shall be and become hers, as and for her sole, separate and absolute estate. Provided, further however, that in the event that my said daughter Alta shall at any time refuse, neglect or fail to comply with the said condition so imposed upon her, then and in that case, the residuum or remainder of the said estate or estates herein devised and bequeathed to my said sons, as to such sons who shall then be living, shall go to the life tenant thereof, respectively, and become his absolute estate. Provided further, however, that in the event that the physical or mental condition of any of said sons shall necessitate his or their removal from the home so kept by my said daughter, her failure to assist in providing a home for the one or ones, so removed, during such time as they shall be so removed, shall not be considered a breach of the condition herein imposed upon her. It is also my will that for the purpose of carrying out the provisions of said condition imposed upon my said daughter, Alta, she shall be appointed guardian of my said sons Lewis, Elmer, George and Herman."

No claim is made by any persons receiving bequests under the will, so we may assume they have been paid.

Appellant contends that the estate of Alta McVey created by the language of the will of her mother was limited, to terminate *ipso facto* upon her failure to perform the acts designated in the will as conditions, citing *Will of Olson* (1917), 165 Wis. 409, 162 N. W. 429, and *Will of Platt* (1931), 205 Wis. 290, 237 N. W. 109. In the *Olson Case* testator gave his property to

his wife, and in a subsequent paragraph stated that after her death it was his wish the remainder be divided equally between his three sons, upon the express condition that the sons were to assist their mother in operating the farm and pay certain fixed amounts to other members of the family. It is evident from the language of the will that testator intended the three sons should assist their mother in operating the farm, and after her death they were to have the farm. The decision is in accordance with the intention of the testator as disclosed by the language of the will, and to have held otherwise would have brought about an injustice to the sons. In the *Platt* will testator made provision for the care of a minor son, stating it was his desire that his present housekeeper continue to live in and maintain the home, and under the supervision of the guardian provide the son with suitable clothing, food, and care. The court held the mere use of the language "it is my desire" in no way defeated the perfectly apparent intention of the testator that the home was to be preserved for the son and that he was to be cared for in the home until he reached the age of twenty-one years.

In the present case Alta McVey moved onto the farm immediately after the death of her mother, provided a home and cared for the four incompetent brothers in accordance with the terms of the will for a period of twelve years, until her death. No claim is made there was any violation of any condition during the lifetime of Alta McVey. The only violation which appellant can claim is that Alta McVey failed to care for the brothers by reason of her death, which failure caused a forfeiture of the Alta McVey estate in favor of the brothers. Whether the terms of the will created an estate in fee simple subject to the life estates of the brothers with a conditional limitation or an estate in fee simple subject to the life estates with a condition subsequent must be determined from the language of the instrument, relevant facts external to the instrument, relation of the parties, and the purpose which the

testatrix intended to accomplish. Restatement, 1 Property, p. 137, sec. 45g. In *Swarthout v. Swarthout* (1901), 111 Wis. 102, 108, 86 N. W. 558, it was said:

"Every case stands upon the evidence of the testator's intention, arising out of each will."

Conditions of defeasance of an estate granted are not looked upon with favor. 4 Thompson, Real Property, par. 2031. Before the language will be construed to provide a forfeiture such words must show that this type of estate was contemplated by the testatrix, and there is no clear likelihood of a miscarriage of justice to parties having an interest in the affected land by so construing the limitation. Restatement, 1 Property, p. 139, sec. 45i. The language of the will gave Alta McVey a one-fifth interest in the estate unconditionally, with an estate in fee simple in the remaining four-fifths interest in which each of the brothers was given a life estate in a one-fifth interest, and the conditions follow. Sound policy and practical convenience require that title shall be vested at the earliest period. *Will of Roth* (1926), 191 Wis. 366, 373, 210 N. W. 826; *Will of Griffiths* (1920), 172 Wis. 630, 179 N. W. 768; *Price v. Ruggles* (1943), 244 Wis. 187, 11 N. W. (2d) 513.

Respondents contend the conditions are conditions subsequent, and in order to divest her of her estate the brothers were required to terminate her interest in the event she refused, neglected, or failed to perform the conditions. Restatement, 1 Property, p. 59, sec. 24, defines a condition subsequent as—

"that part of the language of a conveyance, by virtue of which upon the occurrence of a stated event the conveyor, or his successor in interest, has the power to terminate the interest which has been created subject to the condition subsequent, but which will continue until this power is exercised."

In determining what was clearly contemplated by the testatrix we may assume there was no intention on her part to do

an injustice to anyone. The sons had lived with her on this farm for a number of years. While they were incompetent some of them were able to perform certain kinds of work. The daughter Alta was a widow and lived on the farm with her mother and her brothers at the time the will was executed. It is reasonable to say the sister understood her brothers and their relations were friendly. Testatrix made no provision in the will that the daughter was to furnish their food and clothing, or provide for them. The only provision made for their care and support was the income from the life estates created by the will. Testatrix then provided that it was her wish the daughter remain with the sons and keep house and help maintain a home for them with such assistance as they were able to render, preferably upon the farm, and then went on to state that if the daughter refused, neglected, or failed to do this the life estate was to become a fee in the sons of the same share in which she had previously given them a life estate. During the life of Alta McVey her brothers were in no position to elect to terminate her estate, nor could there have been a forfeiture if the conditions in the will are conditional limitations. The use of the word "fail" in the will has no particular significance because she did not fail to carry out the conditions while she was alive. The income from the life estates of the brothers,—in fact, the income from the entire estate,—was used for their support and maintenance so long as any of them were alive. To hold that the testatrix intended the daughter was to maintain a home for her brothers for a period of years and then forfeit her interest in the estate which was subject to their life estates would be contrary to the intention of the testatrix as we view it, and would create a miscarriage of justice which testarix never intended.

It is considered that the estate in fee simple in the daughter Alta created by the terms of the will as applied to the four-fifths interest in which the brothers had a life estate, was subject to a condition subsequent during her lifetime and could

not be defeated after her death. It is a well-settled rule of law in this state and other jurisdictions that a devisee charged with performance of a condition subsequent is absolved from performance by death. *Burnham v. Burnham* (1891), 79 Wis. 557, 48 N. W. 661; *Adams v. Adams* (1923), 95 W. Va. 187, 120 S. E. 590; *Merrill v. Emery* (1830), 10 Pick. (27 Mass.) 507; *Alexander v. Alexander* (1900), 156 Mo. 413, 57 S. W. 110.

*By the Court.*—Judgment affirmed.