William C. Hecht, Jr., J.
Petitioner, Chemical Bank New York Trust Company, as trustee, under indenture of trust, dated June 22, 1933, made by Julia C. T. Smith, as settlor, seeks instructions from the court “ directing the manner in which the additional amounts to be paid over to Lucius C. Thompson from the Lucius C. Thompson Trust in further distribution of the one-fourth and one-third parts thereof to which he became entitled on attaining age twenty-five and thirty-five respectively, should be calculated.”
In pertinent part, the trust provides that the settlor was to receive the income during her life and upon her death the trust was to be divided into a number of shares equal to the number of the settlor’s children who survived her.
In the case of any surviving son, the trust provides that, after receiving all accumulated income at age 21, his share should be held in further trust on the following terms: “ There *979 after, the said Trustee shall pay over to any son of the Settlor who shall survive her, all of the net income from the trust fund created for his benefit until such son attains the age of twenty-five years, at which time the said Trustee shall convey, assign and pay over to such son one-quarter of the then value of the share set aside for him, absolutely and forever; and the said Trustee shall continue to pay over the net income derived from the balance of the said trust fund to such son until such son attains the age of thirty-five years, at which time the said Trustee shall convey, assign and pay over to such son one-third of the then value of the Trust fund held for his benefit by the said Trustee, absolutely and forever; and the said Trustee shall continue to pay over the net income derived from the balance of said trust fund to such son during the term of his natural life, and upon the death of such son, to pay the principal of the trust fund then remaining in its hands, to his descendants, per stirpes and not per capita, absolutely and forever ”.
The settlor died on August 27, 1935, leaving one surviving son, respondent Lucius C. Thompson.
The other respondents are Mr. Thompson’s children (Gloria Deanna and Rebecca Gene) appearing herein by a guardian ad litem, a surviving daughter of the settlor (Charlotte Thompson) and the settlor’s widower (Lawrence W. Smith).
It appears from the petition that on December 22, 1925, one Lucius C. Colman, an uncle of the settlor, died a resident of La Crosse County, Wisconsin, leaving a last will and testament which was subsequently probated there on February 3, 1926. In this will Lucius O. Colman established a residuary trust for the life of his widow, Genevra, with the remainder equally to his two brothers and a sister. One of his brothers was Harry Col-man, the father of the settlor. Lucius Colman’s will further provided “ And in case of the death of my sister or either of my brothers before the death of my said wife, the shares that he or she would have taken shall be divided equally between his or her surviving children, by right of representation ’ ’.
Harry L. Colman, who was the brother of Lucius O. Colman and also the father of the settlor, died sometime prior to Lucius Colman. He was survived by the settlor and two other children.
Therefore, at Lucius 0. Colman’s death on December 22,1925, the settlor immediately obtained a vested one-ninth interest in the remainder of the trust for the benefit of Genevra Colman, established under the will of Lucius C. Colman. This was specifically determined by the County Court of La Crosse County, Wisconsin, and affirmed by the Supreme Court of Wisconsin. (Matter of Colman, 253 Wis. 91.)
*980 On October 30, 1934, the settlor executed her last will and testament which did not deal specifically with her remainder interest in the Wisconsin trust for the benefit of Genevra Col-man, but which provided in article VI as follows: “I give, devise and bequeath all the rest, residue and remainder of my Estate, of whatsoever kind and nature, and wheresoever situate, of which I shall die seized or possessed, or to which I may be entitled at the time of my death, to the NEW YORK TRUST COMPANY, having its principal place of business at 100 Broadway, Borough of Manhattan, City and State of New York, IN TRUST NEVERTHELESS, the same to be a part of the assets of the Trust Estate created by me by a Trust Agreement executed on June 22nd, 1933, between the said NEW YORK TRUST COMPANY, as Trustee, and myself; said assets and property to be subject to the terms and provisions of said Trust Agreement.”
It is clear, that the broad intention of the settlor as stated in paragraph third of the trust indenture must be held to apply as well as to her remainder interest in the Genevra Colman trust as to any other principal asset.
The guardian ad litem does not contest this construction. Nor does he dispute the proposition that now that the remainder interest has become known, Lucius C. Thompson is presently entitled to a principal distribution in payment of the previous unpaid balances of the “twenty-five” and “ thirty-five ” distributions.
It is the special guardian’s contention that the words “ then value ” as they appear in article third of the trust agreement requires that the trust assets should be valued as of Lucius C. Thompson’s 25th and 35th birthdays, regardless of when the distribution is actually made.
I do not agree with this contention. The settlor provided not only that the valuation was to be made at “ twenty-five ” and “ thirty-five ” but also that the distributions were also to be made at these same times. I am of the opinion that the words “ then value ” were used not to make a distinction between the time of valuation and the time of distribution but were used to make it clear that, in computing his fractional distributions, Lucius C. Thompson was not to be limited to fractions of the original value of the fund. (Cf. Matter of Rosenthal, 155 Misc. 295; Matter of Van Hogendorp, 110 N. Y. S. 2d 579.)