WILL OF FRIEND: ROSENBAUM, Appellant, vs. BISHOP TRUST COMPANY, LTD., Executor, and others, Respondents.

*September 13—October 9, 1951.*

502

503

504

For the appellant there were briefs by *Gold & McCann,* and oral argument by *Richard A. McDermott,* all of Milwaukee.

For the respondents there was a brief by *John J. Burke* of Milwaukee, *Friend & Reiskind* of New York City, and

*Henry C. Friend* of Milwaukee, and oral argument by *Mr. Burke* and *Mr. Henry C. Friend.*

CURRIE, J. The issue in this case is whether the identity of the "legitimate descendants" of deceased residuary legatees named in paragraph 10 of the will, who were to participate in the distribution of the remainder interest in the Alma Nauman trust, should be determined as of the date of the death of the testatrix on February 26, 1910, or upon the death of Alma Nauman Friend, the life beneficiary, on September 18, 1948.

It is the contention of the appellant, Martha Gimpel Rosenbaum, that such identity should be determined as of the date of death of the testatrix, and she claims a share in the residue of such trust under that provision contained in paragraph 10 of the will of testatrix under which a two-fifteenths (2/15) interest in the residue of the trust remaining after the death of the life beneficiary was bequeathed "to the children of my deceased brother, Wolf Rosenbaum." Appellant is the widow of Benno Rosenbaum, a son of Wolf Rosenbaum, and if she is correct in her contention as to the proper construction of the will, then Benno Rosenbaum had a vested interest as of the death of testatrix, and appellant, as his widow, would be entitled thereto as the sole legatee under his will. On the other hand, if it is held that the identity of the legitimate descendants of deceased residuary legatees is to be determined as of the date of death of the life beneficiary in 1948, Benno Rosenbaum would have possessed no vested interest at the time of his death in 1944 which could now be claimed by appellant.

The petition of the trustee was filed, and the decision and judgment of the trial court were rendered, prior to the recent decision of this court in *Will of Yates,* ante, p. 263, 48 N. W. (2d) 601, wherein it was held that after the entry of a final decree in an estate the county courts are

without power to enter judgments construing wills, but where the final decree is ambiguous, the proper procedure on the part of an interested party is to file a petition with the court for instructions. In this instance the final decree made no mention of the prior assignment of the Alma Nauman Friend trust fund to the trustee and made no determination of who was entitled to the remainder interests in the trust estate upon the death of the life beneficiary. Therefore, the petition of the trustee will be treated by this court as if it were a proper petition requesting instructions, rather than one for construction of the will. In order for the court to determine the issue raised by such petition it will be necessary to construe portions of the will.

Appellant contends that the trial court did in effect construe the will in favor of appellant's contention when it entered the final decree on February 2, 1925, assigning to Benno Rosenbaum, husband of appellant, a two seventy-fifths (2/75) share in the sum of $7,101.42 constituting the residue of the estate. Inasmuch as Benno Rosenbaum was a child of Wolf Rosenbaum living at the time of the death of testatrix there could be no question but what he was one of the residuary legatees entitled to share in the residue of the estate under the provision in paragraph 10 of the will bequeathing a two-fifteenths (2/15) share in the residue to the children of Wolf Rosenbaum. Such assignment of the residue of the estate in the final decree in no manner amounted to a construction of the will deciding the question of who would be entitled to share in the remainder of the trust fund created for the benefit of Alma Nauman Friend upon the death of the latter.

The trial court in his well-reasoned decision arrived at his conclusion that the testatrix, by providing in the portion of her will bequeathing the trust fund for the benefit of Alma Nauman Friend as follows:

"Should Alma Friend die unmarried then the 100,000 dollars shall not go to her heirs, but shall go to the beneficiaries named in paragraph 10 of this my will in the proportions there designated"

together with the use of the following language set forth in paragraph 10 of her will, as modified by the first codicil:

"For all beneficiaries in this paragraph I name their legitimate descendants, *per stirpes* as substitute heirs"

intended that the class of legitimate descendants of the legatees previously named in paragraph 10, who should share in the remainder of the trust estate upon the death of Alma Nauman Friend, be determined as of the death of the life beneficiary of the trust, and not as of the time of the prior death of the testatrix. The decision pointed out that if it had been the intention of testatrix, that the determination of the class of substitute legatees should be made at the time of her death, she would undoubtedly have used the same language that she employed in paragraphs 3 and 4 of her will.

In paragraph 3 testatrix stated:

"Should one of the legatees named in this paragraph *die before me,* leaving legitimate issue, then this issue shall take his place."

And in paragraph 4 she stated:

"Should Mrs. Zettie Friend or Mrs. Helen Heinemann or both *die before me,* then the amounts provided for them shall go immediately to those to whom the same shall go after their death according to the provisions of this paragraph, and as their absolute estate and for their absolute disposition."

We are of the opinion that the use of such clear language by testatrix in paragraphs 3 and 4 of her will so as to provide that the determination of the identity of those substitute heirs who were to take under those paragraphs should be made as of the time of her death, and the absence of such

language in paragraph 10, as modified by the codicil, evidences an intention that the identity of the "legitimate descendants" of the residuary legatees named in paragraph 10, who were to take the remainder interest of the trust upon the death of Alma Nauman Friend, was to be determined as of the death of the life beneficiary rather than as of the date of her own death. We therefore conclude that the judgment of the trial court so construing the will must be affirmed.

Counsel for appellant cite the cases of *Will of Colman,* 253 Wis. 91, 33 N. W. (2d) 237; *Estate of Downs,* 243 Wis. 303, 9 N. W. (2d) 822; and *Will of Reimers,* 242 Wis. 233, 7 N. W. (2d) 857; in support of their contention that title to the respective interests in the remainder of the Alma Nauman Friend trust vested in the "legitimate descendants" of the residuary legatees named in paragraph 10 as of the date of death of the testatrix. However, we believe that the presence of special language used by testatrix in paragraphs 3 and 4 of her will to indicate determination of the class of substitute heirs as of the time of her death, and the absence of such language in paragraph 10, as modified by the codicil, readily distinguishes the facts of this case from those in the cases cited by appellant.

In the case of *Estate of Merrill,* 196 Wis. 357, 220 N. W. 383, this court stated (p. 367):

"In the construction of wills a court is primarily concerned with the ascertainment of the intention of the testator. Ordinarily, precedents afford but little aid; if they are helpful they are so because of the similarity of the language employed. While in many cases the particular language contained in a certain paragraph of a will relied upon as a precedent may be identical or similar to that contained in the will under consideration, the meaning given to such language in the one case may differ from that of the other, by reason of other provisions contained in the will."

The rule of construction in favor of early vesting is also cited by counsel for appellant as a strong reason for construing the will of testatrix so as to provide that the legitimate descendants of the residuary legatees named in paragraph 10, who were to take the remainder interest in the trust upon the death of the life beneficiary, should be determined as of the date of the death of the testatrix rather than of the date of the death of the life beneficiary. Though this rule may be of assistance in cases where the intention of a testator, or testatrix, cannot be spelled otherwise out of language found in the will, it is not controlling in a situation like the present where the contrary intent of the testatrix may be gathered from language employed by her.

With respect to the question of vesting, the statement contained in 4 Page, Wills (3d ed.), p. 176, sec. 1421, would seem to be pertinent:

"If testator has made a gift to a class, and one of the class dies before testator, or even after testator, while the class is not yet determined there is no lapse or failure of any part of such gift; but, in the absence of statute, no interest under such gift passes to the heirs or next of kin of the deceased beneficiary. The entire gift passes to the members of the class who were in existence at the time that the class was determined."

In passing it might be noted that the result reached in this opinion is sustained by Restatement, 3 Property, p. 1578, sec. 295.

*By the Court.*—Judgment affirmed.