WILL OF LATIMER: LATIMER, Executor, Appellant, vs. WILLIAMS, Trustee, and others, Respondents.*

*February 2—March 2, 1954.*

* Motion for rehearing denied, with $25 costs, on May 4, 1954.

160

162

For the appellant there were briefs by *Everett P. Doyle* and *Eugene A. Williamson,* both of Delavan, attorneys, and *Carl B. Rix* of Milwaukee of counsel, and oral argument by *Mr. Rix* and *Mr. Doyle.*

For the respondents, other than the trustee, there was a brief and oral argument by *J. Arthur Moran and R. G. Richardson, Jr.,* both of Delavan.

For the respondent trustee there was a brief by *Kenney, Korf & Pfeil* of Elkhorn, and oral argument by *Francis J. Korf.*

CURRIE, J.   The sole question presented upon this appeal is whether the heirs of James F. Latimer (the deceased husband of testatrix), who were to take one half of the trust residue upon the death of Mary Widney (the life beneficiary), are to be determined as of the date of the death of the testatrix or as of the date of the death of the life beneficiary.

The general rule is that when a will provides for a limitation over to the "heirs" of the testator or of some other person already deceased, to be determined by a statute governing the intestate succession of property, following the expiration of a life estate, the determination of the class of persons who qualify as such heirs is to be made as of the date of the death of the testator *unless an intent of the testator to have such determination made as of the death of the life tenant "is found from additional language or circumstances."* Restatement, 3 Property, p. 1706, sec. 308.

We, therefore, must turn our inquiry to resolving the issue of whether there is additional language in the will or other circumstances present in the instant case which would establish an intent on the part of testatrix that the heirs of her deceased husband should be determined as of the death of the granddaughter, Mary Widney.  In the absence of any such additional language or circumstances so establishing such an intent, the general rule would apply that such heirship must be determined as of the date of testatrix's own death, which latter result was the one reached by the learned trial court.

Counsel for the appellant rely on several provisions in the will and other circumstances as establishing an intent on the

part of testatrix that the persons, who are to take as heirs of her deceased husband, were to be determined as of the death of the life beneficiary. However, we find it necessary to consider only two of such points so advanced, they being:

(1) Mary Widney, the life beneficiary, was the sole heir at law of James F. Latimer, deceased husband of testatrix, as of the date of the death of testatrix; and

(2) The remainders provided for by the testatrix, after the death of the granddaughter, Mary Widney, to the children of Mary Widney, or to the issue of such great-grand-children, or upon said great-grandchildren failing to reach age twenty-one to their issue, and for the gift over upon failure of issue of Mary Widney to the heirs of testatrix and her deceased husband, are alternative remainders and thus necessarily contingent remainders.

Inasmuch as Mary Widney was the sole heir at law of her grandfather, James F. Latimer, at the time of the death of testatrix, Mary L. Latimer, in 1923, there would be an incongruity if the will were to be construed as requiring the heirs of James F. Latimer to be determined as of the date of the death of testatrix instead of at the date of death of Mary Widney. If such heirship were determined as of date of death of testatrix, the only person who would qualify as being an heir of James F. Latimer under our statutes governing the descent and distribution of intestate property was Mary Widney, the life beneficiary. Respondents contend that such incongruity is avoided if the words of the will *"heirs of said James F. Latimer"* be construed as *"heirs of said James F. Latimer excluding Mary Widney."* However, to reach such result a reformation of the language of the will is necessary. Furthermore, such construction attempts to make persons heirs at law of James F. Latimer who never were such heirs.

On the other hand, if the will should be construed as requiring the determination of the class of persons, who are to take as heirs at law of James F. Latimer, to be made as of the

date of the death of the life beneficiary, there is no incongruity present and therefore no necessity of reforming the language of the will.

This aspect of the case is one of first impression in this court. The courts of other jurisdictions are divided on the question, and from the decisions of these other courts we are provided with ample precedent for deciding the issue either way. However, the Restatement has adopted the rule that an incongruity is present, if the gift over to heirs following a life estate to the sole heir at law is to be construed as requiring the heirship to be determined as of date of death of the testator. Restatement, 3 Property, p. 1715, sec. 308, comment *k*, states:

"If a person to whom a prior interest in the subject matter of the conveyance has been given is the sole heir of the designated ancestor at the death of such ancestor, there is some incongruity in also giving such person all the interest under the limitation to 'heirs' or 'next of kin.' The incongruity is especially great when a will conveys property 'to B and his heirs but if B dies without issue to my heirs' and B is the sole heir of A. The incongruity is almost as great when A, by will, conveys property 'to B for life then to my heirs' and B is the sole heir of A. *Thus, the fact that in such cases, B is the sole heir of A at the death of A tends to establish that A intended his heirs to be ascertained as of the death of B,* so that B is prevented from sharing in the limitation to the heirs of A." (Emphasis supplied.)

Professor Lewis M. Simes, author of the Law of Future Interests, and one of the advisers on Property to the American Law Institute, is in agreement with the principle adopted by the Restatement. See 2 Simes, Law of Future Interests, p. 234, sec. 422, wherein Simes states:

"Where the donee of the possessory interest is the sole heir of the testator and there is a future interest to the testator's heirs, the situation is more difficult of solution. Here the heir cannot be excluded if we determine the testator's

heirs as of the testator's death, since, if that were done, there would be no one but the sole heir to take the future interest; and, if he is excluded, no one is left. The only way to exclude him is to determine heirship as of a time subsequent to the testator's death and thus include a different group of persons in the class."

For an annotation on this particular question, see 30 A. L. R. (2d) 393, at page 416 *et seq.*

In the recent case of *Central Dispensary & Emergency Hospital v. Saunders* (D. C. 1948), 165 Fed. (2d) 626, 628, testator's only heirs at law were a wife and son. By his will testator devised the residue of his estate in trust for the life of his wife, and upon the wife's death to the son or his heirs, followed by the provision, "and in case my son shall die without leaving lawful issue, the whole of my estate, after the death of my wife, shall pass and descend to my heirs at law." The son died without issue followed by the death of the wife of testator. The United States court of appeals for the District of Columbia held that the heirs of testator who took the remainder were to be determined as of the death of the life beneficiary and not the testator, and cited comment $k$ of Restatement, 3 Property, p. 1715, sec. 308, as the sole authority upon which to base such decision.

We take cognizance of the fact that the framers of the Restatement on Property were specialists in this field of the law and were selected for such task because of their recognized ability as the leading authorities in the nation on this particular subject. Undoubtedly they fully considered the existing conflict in the decisions and framed comment $k$, sec. 308, p. 1715, Restatement, 3 Property, in the light of that which they thought the correct rule ought to be. We, therefore, adopt such principle enunciated by the Restatement, and hold that it is directly applicable to the fact situation of the case at bar.

Respondents cite the decisions in *Brown v. Higgins* (1923), 180 Wis. 253, 193 N. W. 84, and *Will of Cowley* (1904), 120 Wis. 263, 97 N. W. 930, 98 N. W. 28, as requiring that the class of persons who take as heirs of James F. Latimer be determined as of the death of testatrix rather than upon the death of the life beneficiary. A study of the facts in such two cases, however, discloses that they are readily distinguishable from those of the instant case. In neither case were the life beneficiaries the sole heirs at law of the testator. In the first-mentioned case, testator was survived by a wife and seven children, and one son was the life beneficiary, while in the second case testator was survived by a wife and eight children, and two daughters were the life beneficiaries. Therefore, by determining heirship as of the date of the death of testator in those two cases there was not present the incongruity of the remaindermen not being heirs at law of the testator as of the date of testator's death. In commenting on this fact situation, Restatement, 3 Property, p. 1717, sec. 308, comment *k,* states:

"When the taker of a prior interest is one of several heirs of the designated ancestor at the ancestor's death, no constructional tendency is sufficiently definite to be capable of statement."

In 2 Simes, Law of Future Interests, p. 234, sec. 422, the author states, "While the cases are not in harmony, even here most courts refuse to determine the testator's heirs as of the death of the sole heir [life beneficiary] in the absence of some additional indication of an intent to that effect." This was written in 1935, and Restatement, 3 Property, was not published until 1940. As previously noted, the United States court of appeals for the District of Columbia in *Central Dispensary & Emergency Hospital v. Saunders, supra,* did rest its decision solely on comment *k,* sec. 308, p. 1715, Restatement, 3 Property.

However, there is another circumstance present in the instant case, in addition to the fact that Mary Widney, the life beneficiary, was the sole heir at law, which tends to establish that the heirship of James F. Latimer was intended by testator to be determined as of the date of the death of Mary Widney rather than that of testatrix. Such circumstance lies in the alternative remainders provided in the will. These alternative remainders which were to be effective upon the death of Mary Widney for disposition of the trust residue were as follows:

(1) In equal parts to Mary Widney's issue provided such issue lived to age twenty-one;

(2) If any such great-grandchildren of testatrix died before age twenty-one, leaving issue, the share of such great-grandchild was to go to his or her issue, time of distribution to be as of the date the deceased great-grandchild would have reached age twenty-one, if living;

(3) If any such great-grandchild died without issue, then his or her share was to go to the surviving great-grandchildren or great-grandchild;

(4) If there should be no surviving great-grandchild, or if the granddaughter, Mary Widney, should have died without issue surviving, then one half of the residue was to go to the heirs of testatrix and the other one half to the heirs of her deceased husband, James F. Latimer.

The New York courts in numerous cases have held that, where there are alternative remainders of this kind created by will so that the ultimate gift over to heirs or next of kin is contingent upon the beneficiary of a prior estate not being survived by issue, the determination of those who take as heirs or next of kin is to be determined as of the time of the ending of the life estate which results in the gift over to heirs or next of kin becoming operative, and not as of the date of the death of the testator. *Salter v. Drowne* (1912), 205 N. Y. 204, 98 N. E. 401; *Matter of Brewster* (1936), 246

App. Div. 192, 283 N. Y. Supp. 707, affirmed without opinion, 271 N. Y. 599, 3 N. E. (2d) 204; *Matter of Fishel* (1938), 167 Misc. 145, 3 N. Y. Supp. (2d) 669, affirmed without opinion, 256 App. Div. 915, 10 N. Y. Supp. (2d) 859, leave to appeal denied, 280 N. Y. 851, 20 N. E. (2d) 397.

In the recent case of *Merrill Trust Co. v. Perkins* (1947), 142 Me. 363, 366, 53 Atl. (2d) 260, 261, testator by his will devised the residue of his estate in trust for the benefit of his granddaughter for life, and if she should die leaving issue then the remaining trust estate was to go to such issue; but, if she left no issue, then such remainder should go to "those persons to whom it would be distributed and to whom it would pass by descent under the statutes of the state of Maine regulating the descent and distribution of intestate estates." Testator died in 1900, leaving as his only heir at law the granddaughter who had been born in 1873. The granddaughter married but died in 1945 without issue. We, therefore, have a fact situation strikingly like that in the instant case. The question at issue was whether the heirs of testator who were to take the remainder of the trust were to be determined as of the death of testator or of the granddaughter. The court in its opinion does not refer to comment *k*, sec. 308, p. 1715, Restatement, 3 Property, nor does it base its decision on the incongruity which would result if determination of heirship were to be made as of the date of death of testator because of the life beneficiary being the sole heir at law. Instead the court decided that heirship was to be determined as of the date of death of the life tenant on the ground that the remainder over to the heirs of testator was contingent on whether or not the granddaughter was survived by issue. It cited English cases as well as prior decisions of its own in support of the principle that in such a situation it is the intent of testator that the heirs who take

such a contingent remainder be determined as of the date of death of the life tenant.

While we are not prepared to lay down a hard and fast general rule that, where a will provides for an alternative remainder to heirs contingent upon whether or not the life beneficiary is survived by issue, such heirs are always to be determined as of the death of the life beneficiary, we do conclude that such circumstance may well indicate an intent to postpone determination of the class of persons who are to take as heirs until the happening of the contingency which converts such a contingent remainder into a vested one. This would seem to be particularly true in those cases where the occurrence of the contingency would be likely to occur a long time in the future, with the further likelihood that the contingency might never occur. In such cases there obviously would be no intent on the part of the testator that any persons alive at the death of testator would benefit from the contingent gift over.

Turning to the facts of the instant case, we have a situation that when testatrix made her will in 1920 her granddaughter, Mary Widney, was but twenty-one years old and recently married. Her life expectancy according to the American Experience Table of Mortality was forty-one and one-half years, and, in addition to that factor, there was every likelihood that she would have children and be survived by them or their issue. There was only a remote possibility that the gift over to her heirs and those of her husband would ever occur. Furthermore, if such a contingency did occur it was unlikely that the nephews and nieces of her husband living at the time of the making of the will, who were then of middle age or beyond would survive such event. For example, his niece, Alice Latimer, was then sixty-two years of age. Any intent to benefit heirs then living of her husband or herself would seem to be entirely lacking. On the contrary, the clause providing for the remainder over to heirs was most

likely inserted with the intent that in the event of the happening of such contingency the undistributed balance of the trust should go to those persons who then constituted the heirs of her husband and herself. The court in its opinion in the New York case of *Matter of Brewster, supra,* emphasized somewhat the same argument based upon the young ages of the two daughters who by the will in that case were named as life beneficiaries.

In those cases in which a vesting of a contingent remainder to heirs is likely to take place many years after the death of testator, and after the death of testator's living collateral relatives, there are great practical difficulties if heirship is to be determined as of the date of testator's death, instead of the date of the happening of such uncertain future contingency. For example, the estates of at least four of the nephews and nieces of James F. Latimer were probated in Walworth county subsequent to the death of testatrix, and no interest in the trust estate was inventoried in those estates or assigned in the final decrees. If the heirs of James F. Latimer who are now to take a half of the residue were to be determined as of the date of the death of testatrix, all of these estates would have to be opened up. If a testator or testatrix were to give any thought to these possibilities occurring, would he or she not seek to avoid this by having the class of persons who are to take as heirs determined as of the date of the occurrence of such contingency?

Counsel for respondents cite *Will of Roth* (1926), 191 Wis. 366, 210 N. W. 826, and *Will of Reimers* (1943), 242 Wis. 233, 7 N. W. (2d) 857, in support of the rule that the law favors the early vesting of remainders. It is conceded that such is the general rule, but the facts of those two cases are clearly distinguishable from those of the instant case. Neither case involved alternative remainders contingent upon whether the life beneficiary was survived by issue, but

instead the remainders were vested, the enjoyment only being postponed until the death of the life beneficiary.

In *Flint v. Wisconsin Trust Co.* (1912), 151 Wis. 231, 238, 138 N. W. 629, Mr. Justice BARNES, speaking for this court stated:

"The rule of law which favors vested estates rather than contingent ones at the present time is practically a rule of construction that may have controlling weight in a close or doubtful case, but cannot be invoked to defeat the intent of the testator where that intent is reasonably clear."

Likewise in *Will of Friend* (1951), 259 Wis. 501, 510, 49 N. W. (2d) 423, 33 A. L. R. (2d) 234, this court declared:

"The rule of construction in favor of early vesting is also cited by counsel for appellant as a strong reason for construing the will of testatrix so as to provide that the legitimate descendants of the residuary legatees named in paragraph 10, who were to take the remainder interest in the trust upon the death of the life beneficiary, should be determined as of the date of the death of the testatrix rather than of the date of the death of the life beneficiary. Though this rule may be of assistance in cases where the intention of a testator, or testatrix, cannot be spelled otherwise out of language found in the will, it is not controlling in a situation like the present where the contrary intent of the testatrix may be gathered from language employed by her."

To summarize, the fact that the life beneficiary, Mary Widney, was the sole heir at law of James F. Latimer, both at the time testatrix made her will, and at the time she died, would cause an incongruity if the determination of the class, who were to take as the heirs of James F. Latimer, were to be made as of the death of testatrix, which result would be avoided by determining such heirship as of the death of Mary Widney. Added to this, we have the additional circumstance of the alternative remainders, the particular one under which

the heirs of James F. Latimer were to take being contingent upon whether the life beneficiary, a young married woman of an age when the birth of children to her was to be expected, was survived by issue. Under the authorities cited these circumstances are such as to manifest an intent on the part of testatrix that the heirs of James F. Latimer who were to take under the will be determined as of the death of Mary Widney. We, therefore, are constrained to conclude that the will should be so construed.

Counsel for respondents contend that this result will work an injustice in the instant case because one half of the residue will be distributed in accordance with the will of Alice Latimer, she being the only heir at law of James F. Latimer living at the time of the death of Mary Widney, so that the descendants of the other nephews and nieces of James F. Latimer will take nothing because of the provisions of sec. 237.01 (4), Stats. There are several obvious answers to this contention. One is that this is an unexpected result which it is unlikely testatrix could have contemplated because the respective ages of Mary Widney and Alice Latimer were such that the former would have normally outlived the latter by many years, Mary Widney having been born in 1898, while Alice Latimer was born in 1858, and was ninety-four years old when she died. Another is that if testatrix had given any thought at the time of making her will as to which of the two dates the heirs of James F. Latimer should take would bring about the most equitable result (which we doubt that she did) it might well have occurred to her that the better result might well be obtained by having the class of heirs determined as of the date of the occurrence of the contingency that would enable them to take. This is so because, if such determination of heirs were made as of her own death, persons who were no blood relatives of James F. Latimer might be the ones to ultimately come into enjoyment of part of the estate, by reason of the possibility of husbands

of nieces of James F. Latimer inheriting from their wives. Lastly, the best answer is that the intent of testatrix must be construed from the language of the will as of the time it was drafted in the light of the then surrounding circumstances, and not in the light of what developed many years later.

*By the Court.*—That part of the judgment appealed from is reversed and cause remanded for further proceedings consistent with this opinion.