ZimmermaN, J.
May J. Frost, domiciled in Cuyahoga County, Ohio, died testate on December 16, 1939. On November 19, 1934, she executed her will, naming therein The Cleveland Trust Company, a qualified fiduciary, as executor and as trustee of her interest in real property located at 410 Euclid Avenue, Cleveland. At the time the will was executed, testatrix had a son, Boger L. Frost, who had then been married to his now widow for about four years and was childless. He died intestate and childless on December 29, 1953, survived by his widow who qualified and is acting as administratrix of his estate. Some five months after Boger’s death, the trustee initiated the present action.
Although testatrix’s interest in the Euclid Avenue property was not of great value (some $40,781, according to the appraisement of the county auditor for the computation of the state succession tax), her will is complicated and restrictive as concerns the trust property.
By subparagraph a of item two of the will testatrix directed the trustee to pay the income from the trust periodically to *331 Roger during his lifetime, with permission, at the trustee’s discretion, to invade the principal should Roger become incapacitated from earning a living and need additional assistance.
Subparagraphs b and c of item two read as follows:
“b. In the event my son, Roger L. Frost, predecease me, or upon my decease if he does not survive me, the net income derived from the trust estate shall be paid and equally distributed among his children and their survivors or survivor until the decease of the last surviving of such children, provided, however, that if any of such children shall decease, leaving issue, such issue shall take per stirpes by way of representation, the share which their decease [sic] parent would have received if living.
“Upon the death of the last surviving child of my said son, the trust estate shall vest in and be distributed to my lineal descendants per stirpes.
“In the event my son, Roger L. Frost, predecease me, leaving no children or issue of deceased children surviving him, I give, devise and bequeath to his widow, Mildred Frost, if she survives both myself and my son, the sum of one thousand dollars only. This sum shall be paid her by the said trustee as her full share of my estate, and shall be paid from the income of the trust estate at the convenience of the trustee.
“In the event, my son, Roger L. Frost, predecease me, leaving no children, or issue of deceased children surviving him or upon my death, he having predeceased me, then and in that event, all the remaining income from the said trust shall be distributed to my brother and my sisters, namely: Harvey L. Dibble, of Cleveland, Ohio; Edith M. Fuller, of Santa Monica, California; Lillian L. Pancoast, of Winnetka, Illinois; and Norma L. Wright, of Scarsdale, New York, share and share alike.
“Upon the death of my brother and or any of my sisters, the distributive share that would otherwise have been enjoyed by such decedent, shall be enjoyed by the survivors, share and share alike.
“Upon the death of the last surviving of my sisters or brother, then the share of the income from the trust enjoyed by them shall pass to the surviving children of said brother and sisters per capita.
“When the children of the said Harvey L. Dibble, Edith *332 M. Fuller, Lillian L. Paneoast and Norma L. Wright have each and all died, all the property belonging to this trust shall pass to and vest in the immediate issue of the said Harvey L. Dibble, Edith M. Puller, Lillian L. Pancoast, and Norma L. Wright, and the immediate issue of their children per capita.
“c. Notwithstanding anything herein contained, the trust hereinbefore set forth shall terminate at the expiration of the period of twenty-one years from and after the decease of the last survivor of myself, my son, the issue of my son, my brother and sisters, Harvey L. Dibble, Edith M. Fuller, Lillian L. Pan-coast and Norma L. Wright, and the issue of my said brother and sisters in being at the time of my death; and the trust estate at the expiration of such period shall vest in and be distributed to the beneficiaries hereunder then entitled to receive income, and in the proportions in which the income under the provisions hereof is then being paid to them.”
Item four of the will provides:
“All the rest, residue and remainder of my property, either real, personal or mixed, which I may own or have the right to dispose of at the time of my decease, which shall include the home at 1894 Page Avenue, East Cleveland, Ohio, I give, devise and bequeath to my son Roger L. Frost, to be his absolutely and forever.”
Item five of the will recites:
“In the event, my son, Roger L. Frost, predecease me, then all the interest in and share of my estate hereinbefore given to my said son in item four shall, by way of substitution, pass to his issue. In the event my son, Roger L. Frost, shall predecease me, leaving no issue, then all the interest in and share of my estate hereinbefore given to my son, or his issue, in item four and item five of this will, shall by way of substitution, pass to my brother and my sisters, namely, Harvey L. Dibble, Edith M. Fuller, Lillian L. Pancoast and Norma L. Wright, surviving me, and the executors of this will shall distribute this portion of my estate among these survivors, share and share alike.”
The will under examination does not in express language recognize and provide for the contingency that Roger might outlive the testatrix and die without children, which he did. Upon such basis the widow makes two principal contentions:
*333 First, that, since Roger survived the testatrix and left no issne, item two of the will disposes of only a life interest in the subject matter of the trust, and, there being no other provision in the will effectively creating any other beneficial interest, such undisposed interest passed absolutely to Roger as the sole residuary legatee under item four of the will.
Second, that, if the residuary clause of the will does not embrace the trust property, Roger nevertheless took the trust estate absolutely as testatrix’s sole intestate heir and next of kin to the exclusion of the brother and sisters of testatrix or their issue.
Various rules have been evolved which have general application in will construction cases. A court has no power to make a new and different will for a testator in contravention of the language employed in the will, and the law favors the vesting of estates at the earliest possible moment. Probably the most potent rule of all is that the intent of a testator as gathered from the context of his entire will is the paramount and controlling consideration, and that where such intent is plain and unmistakeable it should be given effect if possible.
From a reading of the whole will, taking into account the conditions which existed at the time of its execution, testatrix’s intent is clear in four distinct respects:
1. All Roger was to have was a life interest in the trust property.
2. After Roger’s decease testatrix’s testamentary design centered first in his children and their issue and if none such appeared then in her brother and sisters and their issue. Testatrix’s fixed determination apparently was that the trust property or any beneficial interest therein should never leave her blood line.
3. Under no circumstances was Roger’s wife to have more than $1,000 from the trust property.
4. By the wording of item four of the will testatrix did not contemplate or intend that the trust property would or could become a part of her residuary estate.
Moreover, during Roger’s life, he and all others concerned recognized and proceeded on the theory that the will effectively created a trust and gave Roger a beneficial interest therein *334 only for and during Ms lifetime. And until the very moment of his death the contingency existed, theoretically at least, that he would leave children who with their issue would enjoy the trust property to the exclusion of all others.
Upon the basis of the foregoing observations, a majority of this court agrees with both the lower courts that in accordance with testatrix’s manifest intent the corpus of the trust did not vest in Roger and can not now be claimed by his heirs (his widow); and that, in conformity with testatrix’s clearly expressed design, vesting of the trust corpus was postponed until Roger’s death without cMldren, at which time those of testatrix’s heirs at law who were then alive succeeded to the trust corpus. It would seem incongruous indeed if Roger, having been limited by the will to a beneficial interest in the trust property for life only, should at the same time be accorded the right to succeed to the estate as the absolute owner thereof, thereby causing a devolution of the property contrary to testatrix’s manifest wishes. Compare Van Winkle et al., Trustees, v. Berger et al., Trustees, 228 N. C., 473, 46 S. E. (2d), 305, and Will of Latimer, 266 Wis., 158, 63 N. W. (2d), 65.
No error being found in the determination and judgment of the Court of Appeals, such judgment is affirmed.

Judgment affirmed.

Weygakdt, C. J., Bell and Matthias, JJ., concur.
Stewaet, Taet and Heebeet, JJ., dissent.